## SMITH *v*. RICHMOND.

COMPLAINT avers in substance that defendant made his note, etc., setting out a copy, that plaintiff is holder by transfer from the payee, etc., and that defendant is indebted to plaintiff thereon in the sum, etc. The complaint then avers: "Plaintiff further shows that after said note was executed, etc. * * * defendant by virtue of * * * proceedings in insolvency, etc., * * * claims to have been discharged from the payment of the note and debt hereinbefore mentioned; and plaintiff further shows that after said discharge as aforesaid, on or about * * * defendant promised" the payee and other persons that he would pay said note to said payee on demand, etc.; and that defendant thereby revived said obligation, etc. *Held*, that the complaint does not set up two causes of action; that the gravamen of the action was designed to be the promise, the previous indebtedness being averred as matter of inducement.

Plaintiff herein having rested his case upon proving his note, and defendant not introducing any proof of his discharge in insolvency, the Court below instructed the jury to find for plaintiff, and afterwards set aside the verdict and granted a new trial. *Held*, that this Court will not revise the discretion of the Court below in granting the new trial; that defendant might well have been taken by surprise, and supposed it unnecessary to introduce proof of his discharge.

APPEAL from the Sixth District.

Complaint, not verified, averred substantially as set forth in first syllabus. Answer, not verified, denied all the allegations of the complaint, and set up discharge in insolvency in bar. On the trial, plaintiff proved up the note mentioned in the complaint, introduced it in evidence, and rested. Defendant moved for a nonsuit on the ground, among others, that the action is to recover a debt founded on the new

promise alleged to have been made by defendant after his discharge in insolvency, and that there is no proof of such new promise. Overruled. Instructions to find for plaintiff, and verdict accordingly. New trial granted, and plaintiff appeals.

*Bowie & Griffith*, for Appellant.

The allegation in the complaint as to defendant's discharge in insolvency was surplusage. The complaint contained two causes of action—one on the note, the other on the new promise. This latter was unnecessary, and may be disregarded. (Gould's Pl. Ch. sec. 4, 170 ; 14 Johns. 380 ; 1 Chitty Pl. 229.)

*E. B. Crocker*, for Respondent.

1. There is no abuse of discretion in granting a new trial here. (*Drake* v. *Palmer*, 2 Cal. 197 ; 3 Id. 413 ; 4 Id. 122 ; Id. 288.)

2. The gravamen of the action was the new promise, as to which plaintiff offered no proof, and hence his suit could not be sustained and the new trial was properly granted.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The complaint in this case does not distinctly, if at all, count on two causes of action. The whole matter of the complaint seems to be blended in one statement. If the complaint was intended to set up two causes of action, this intent was not distinctly manifested by the form of the complaint, as it should have been.

It is true, the complaint does not aver that the defendant was discharged in bankruptcy ; it says he claimed to be, but in the next sentence it avers that after *his discharge* he promised, etc. ; and we are inclined to think that the proper construction is that the gravamen of the action was designed to be the promise—the previous indebtedness being averred as matter of inducement, or as indicating the extent and character of the engagement.

The defendant might very well have been taken by surprise under these circumstances, and supposed it not necessary to introduce proof of his discharge.

Under these circumstances, we cannot revise the discretion of the Court below in granting a new trial, there being no palpable abuse of it. Order affirmed.