J. G. DOLL (Administrator of the Estate of BRITTAN MARTIN, Deceased), APPELLANT, *v.* HIRAM GOOD, RESPONDENT.

PLEADING.—The rules of pleading, under our system, are intended to prevent evasion, and to require a denial of every averment in a sworn complaint, in substance and in spirit, and not merely a denial of its literal truth; and when the defendant fails to make such denials he admits the averment.

IDEM—DENIAL OF ALLEGATIONS CONJUNCTIVELY STATED.—If several material facts are stated conjunctively in a verified complaint, an answer which undertakes to deny these averments as a whole, conjunctively stated, is evasive, and an admission of the allegation thus attempted to be denied.

IDEM.—The allegation of a complaint, that M., at the time of his death, owned and was in possession of twenty-two head of work oxen, each worth $75, is not put in issue by a denial "that M., at the time of his death, was in the possession of, or the owner of, twenty-two head of work oxen, worth $75 per head." On the contrary, it is evasive, and equivalent to an admission of the allegation.

PRACTICE.—Whenever the answer fails to deny any of the material allegations of the complaint in such form as to put the same in issue, the plaintiff is entitled to judgment upon the pleadings.

APPEAL from the District Court of the Second District, Tehama County.

The facts are stated in the opinion of the Court.

*J. G. Doll,* in *pro. per.* for Appellant, cited the following authorities:

(*Fisk* v. *Reddington,* 31 Cal. 185; *Davison* v. *Powell,* 16 Howard's P. R. 467; *Salinger* v. *Lusk,* 7 *Id.* 430; *Reed* v. *Calderwood,* 32 Cal. 109.)

*Jo Hamilton,* Attorney General, for Respondent.

SPRAGUE, J., delivered the opinion of the Court:

This appeal is from the judgment, upon the judgment roll alone.

The plaintiff sues as the administrator of the estate of one Brittan Martin, deceased, and the complaint, after alleging the death of Martin, that letters of administration upon the estate of deceased were duly issued to him, and that he duly qualified as such administrator, and entered upon the discharge of his duties, etc., further alleges that "the said Brittan Martin, at the time of his death, lawfully owned and was in possession of, with other property, the following goods, chattels, credits and effects, viz: Twenty-two head of work oxen, each worth $75 per head; two large freight wagons, worth $500 each; eleven yokes and chains, worth $10 each; five thousand pounds of flour, then at Susanville, Lassen County, worth $8 per 100 ℔s; one horse, worth $75, and money due from sundry persons at Humboldt and Reese River, in the State of Nevada, collected by defendant and appropriated to his own use, in the sum of $140. All of said goods, chattels, credits and effects, as aforesaid, amounting to the aggregate value of $3,375 in lawful money. That thereafter, immediately upon the death of the said Brittan Martin, as plaintiff is informed and believes, the defendant took all of said goods, chattels and credits hereinbefore enumerated into his possession, and appropriated the same, and all thereof, to his own use, and thereupon and thereby undertook and promised, in consideration thereof, to pay to the legal representatives of the said Brittan Martin, deceased, the value thereof as stated aforesaid," etc.

The defendant answered the above recited allegations of the complaint as follows : "Denies that at the time of the death of the said Brittan Martin he was in possession of or the owner of twenty-two head of work oxen worth $75 per head, or two large wagons worth $500 each, or 5,000 pounds of flour worth $8 per 100 ℔s, or one horse worth $75, or money due from sundry persons in the sum of $140."

"But this defendant admits that when said Brittan Martin died he was the owner of about eighteen head of oxen,

worth about $30 per head, three head of which were stolen by the Indians on Mill Creek, and three more of which died on the road from Susanville to Tehama county; two wagons worth about $100 each; seven yokes and chains, old and worth nothing. The flour mentioned in said complaint was bought and paid for by said defendant, with the understanding that said Martin should have one half of the profits, if any, that was made on the same. The horse that was mentioned in plaintiff's complaint was sold by defendant to Brittan Martin, and never paid for. Admits that he collected for said Martin the sum of $20, and no more."

From the recitals in the judgment, as found of record, it appears that the cause was tried by the Court without a jury, and that plaintiff, after introducing evidence tending to establish that he was the duly appointed, qualified and acting administrator of the estate of Brittan Martin, deceased, rested, and thereupon, without further or other evidence, the cause was submitted to the Court upon such evidence and the pleadings; and thereafter, judgment was rendered and registered against the defendant, and in favor of the plaintiff, for the sum of $655, and costs of suit, from which judgment plaintiff appeals, and now insists that the Court erred in not rendering judgment against the defendant for the full amount claimed in the complaint—$3,375. The complaint and answer were both verified, and it will be observed, upon a careful reading of the portions of the complaint and answer above quoted, that the answer is evasive, and fails to meet the substantial allegations of the complaint. The same is true of that portion of the answer which assumed to traverse the specific allegations of the complaint respecting the representative character of the plaintiff; but the plaintiff seems to have regarded these allegations as put in issue by the answer, and introduced evidence tending to establish the same, and rested his case. The defendant introduced no evidence.

As the case was submitted, the plaintiff, under the rules of pleading prescribed by our code, was entitled to a judgment for the full amount claimed in his complaint, as the

answer failed to deny in such form as to put in issue any material allegation of the complaint.

The allegation of the complaint that Martin, at the time of his death, owned and was in possession of twenty-two head of work oxen, each worth $75, is not put in issue by a denial "that Martin, at the time of his death, was in the possession of or the owner of twenty-two head of work oxen, worth $75 per head." It is but a literal conjunctive denial, a denial of the letter and not a denial of the essential substance and spirit of the allegation. It is evasive and equivalent to an admission of the allegation, not only as to the number of work oxen, but the value of each as stated; and so as to every other item of property or distinct proposition embraced in the second subdivision of the complaint.

If the defendant honestly believed, or could show, that any one of the twenty-two work oxen was worth a few cents less than $75, his denial in the form adopted might relieve his conscience, and would be, as a whole, literally true, and still the allegation of the complaint, in essential substance, might also be true, and remain untraversed.

The rules of pleading, under our system, are intended to prevent evasion, and to require a denial of every specific averment in a sworn complaint, in substance and in spirit, and not merely a denial of its literal truth, and whenever the defendant fails to make such denial he admits the averment. (*Smith* v. *Richmond*, 15 Cal. 501; *Blankman* v. *Vallejo*, *Id.* 638; *Castro* v. *Wetmore*, 16 *Id.* 380; *Higgins* v. *Wortell*, 18 *Id.:* 333; *Woodworth* v. *Knowlton*, 22 *Id.* 169; *Landers* v. *Bolton*, 26 *Id.* 417; *Morrill* v. *Morrill*, *Id.* 292; *Camden* v. *Mullen*, 29 *Id.* 564; *Blood* v. *Light*, 31 *Id.* 115.)

The admissions contained in the answer may have been designed as qualifications of the denial immediately preceding; but they are so vague and indefinite that the intrinsic impotency of the denials are in no measure relieved thereby.

From aught that appears, the admission that plaintiff's intestate died seized of about eighteen head of oxen, worth about $30 each; two wagons, worth about $100 each; seven yokes and chains, worth nothing, may relate to other and entirely distinct goods and chattels from those of similar

character described in the complaint; and the admission or statement in relation to the item of flour is useless as a defense without proof.

The statement relative to the horse is no answer or defense to that item, even if proved as stated; and the admission "that he collected for said Martin the sum of $20, and no more," does not amount to a denial of the allegation in the complaint that defendant, subsequent to the decease of Martin, collected $140 belonging to his estate.

Judgment reversed, and cause remanded for further proceedings, with leave to defendant to amend answer.

Sanderson, J., expressed no opinion.