Foote, C.
The plaintiff brought suit against the defendant on an insurance policy which the former had obtained from the latter upon a certain vessel. The cause being tried by a jury, the plaintiff had judgment for the amount of the policy, and from that and an order denying a new trial the defendant appeals.
According to the terms of the policy as written, without the indorsement hereafter to be noticed, it was a time policy, which during its continuance permitted the vessel insured to prosecute voyages anywhere upon the navigable waters of the globe, except that it was prohibited from using certain enumerated ports. But upon the back of the policy, by agreement of the parties thereto, these words were written and punctuated as follows: “Vessel to be employed on the G-ulf of California and *586 captain is privileged to act as his own pilot without prejudice to this insurance.”
One allegation of the complaint is: “That said vessel, while employed in the Gulf of California, was, on the ninth day of January, 1881, totally lost by the perils of the sea.”
The defendant meets this statement by the following language in its answer: “ This defendant, on its information and belief, denies that said vessel, while employed in the Gulf of California, was, on the ninth day of January, 1881, or at any other time, totally lost by perils of the sea.”
Upon the question of the sufficiency of the denial by the defendant of the plaintiff’s allegation of “ a total loss of the vessel by the perils of the sea,” the defendant in its brief at page 6 says: “We are prepared to admit that the denial would he insufficient in this case if the action had been on a policy which covered a vessel generally against perils of the sea,” citing Doll v. Good, 38 Cal. 289, 290; 1 Wait’s Practice, 422.
The plaintiff contends that its right to recover did not depend upon the fact that the total loss of the vessel took place in the Gulf of California, but by reason of the fact that it had a right to recover in case of such loss whether it took place in the Gulf of California or in any other navigable waters not prohibited to the vessel in the policy.
And that the defendant’s denial in the form in which it was stated admitted a total loss of the vessel by the perils of the sea, which is claimed, and not that it took place in said gulf, was the material issue raised by the pleadings.
So that the main question in this case, and that upon which all the others raised by the parties really depend, is, What construction is properly to be placed upon the words of the written indorsement on the policy? The last words of it áre, “without prejudice to this insurance.”
*587 The natural inquiry is, What privilege or privileges were to be conceded “without prejudice to the insurance ” ? and what else, if anything, did the sentence contain ?
It was unpunctuated save by a period at the end thereof.
We are of opinion that its meaning was either that while the vessel was employed in the Gulf of California her captain might act as her pilot “without prejudice to the insurance,” or that permission, already granted in the body of the policy, to navigate the Gulf of California, was again given in the written indorsement, and that the captain might while so navigating the ship act as her pilot “without prejudice to the insurance.”
It is much more reasonable to suppose one of these two to be the proper interpretation of the language in question than the one for which the defendant contends, viz., that the vessel was thereby restricted from all the waters which it was privileged to navigate in the body of the policy, and confined by the indorsement to the Gulf of California as its navigable waters, where its captain was privileged to act as pilot.
Where so important and material a restriction, opposed, too, to the terms of the original contract, is intended to be made, it would seem that such intention, in order to bind the insured, should be expressed in plain and unambiguous terms.
The construction which the defendant asks to have placed upon the words of. the indorsement, taking all those words as written and punctuated, seems to us to be strained and unnatural. The circumstances, also, that surround theffransaction are, we think, not calculated to induce the belief of the correctness of the defendant’s construction of the language of the indorsement.
The plaintiff already had the right before that indorsement was made to navigate with its vessel the Gulf of California, but we may well suppose that it desired its *588 captain to act while in those waters as the ship’s pilot, and that it sought the modification of the policy with such end in view.
And that must have been the prime object, for it did not need any permission, as we have seen, to ran its vessel in said gulf; that it already possessed, and it should not be presumed under such state of facts that this permission was given as asked, but only on condition that the other waters in which the vessel had been originally permitted to voyage should be entirely abandoned, unless such an intention had been most plainly and unmistakably expressed.
Nor can we believe that either of the parties to the modification of the policy at the time it occurred had such an understanding of its terms as that for which the defendant contends; for, had that been the case, the restrictive words, if any such were intended, would have been made as plain of comprehension as are those granting a privilege, and that they were not so is additional evidence in favor of the plaintiff’s contention.
"We think, therefore, considering the terms of the policy, which is made a part of the complaint, and the averments of that pleading, that the denial of the defendant was an admission of the truth of the material fact that the vessel was totally lost by perils of the sea, against which the defendant had insured her, and that the fact of her being lost or not in the Gulf of California was immaterial.
The defendant also contends that the court should have instructed the jury that plaintiff’s verdict should be reduced by the sum of $610, claiming that this sum of money, which was the proceeds of the sale of the abandoned vessel, was presumed to have been received by the plaintiff, and defendant should have credit therefor.
But there was no averment in the answer of any such liability of the plaintiff, or the facts out of which it grew.
*589 And the allegation in the complaint of non-payment hy the defendant of the plaintiff’s demand was not denied in the answer, nor was any payment to the plaintiff of any sum of money whatever therein averred.
Thus no issue upon this pqint existed or was made up upon which evidence could properly have been submitted to the jury, or upon which they should have been instructed by the court.
The instruction was therefore properly refused.
The propriety of the refusal by the trial court of the motion for nonsuit, to grant the defendant’s instructions, and the granting of those given to the jury, and its order denying the motion for a new trial, all depended upon the questions above discussed.
Hence the judgment and order last mentioned should be affirmed.
Belcher, C. C., and Searls, 0., concurred.
The Court.
For the reasons given in the foregoing opinion, the judgment and order are affirmed.
Hearing in Bank denied.