[No. 14020.   Department Two. — July 2, 1891.]

## G. G. JONES, RESPONDENT, *v.* JEMIMA EDDY, DEFENDANT. R. VERCH ET AL., APPELLANTS.

MORTGAGE — ASSUMPTION OF DEBT BY GRANTEES — PLEADING — CONJUNCTIVE DENIAL — ADMISSION — FINDINGS.— An allegation in the complaint in an action to foreclose a mortgage, that the grantees of the mortgagor, who were made defendants, "assumed and agreed" to pay the mortgage debt, is not the statement of two distinct propositions, but the word "assumed," as used in the allegation, is synonymous with the word "agreed"; and a denial in the answer by such grantees, that they "assumed and agreed" to pay the mortgage debt, is not a conjunctive or evasive denial, but is sufficient to raise an issue as to such allegation; and a finding of fact, based upon a supposed admission of the pleadings as to their assumption and agreement to pay the debt, is erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The complaint averred that the defendants "assumed and agreed" to pay the mortgage debt. The answer denied that the defendants "assumed and agreed" to pay such debt. Further facts are stated in the opinion.

*Thomas J. Carran,* for Appellants.

The denial, in the answer, that defendants "assumed and agreed" to pay the debt is a substantial and unqualified denial of what the court finds from the pleading to have been admitted, and is sufficient to raise an issue thereon. (*Hill* v. *Smith,* 27 Cal. 476; *Perkins* v. *Brock,* 80 Cal. 320.)

*Allen & Miller,* for Respondent.

The attempted denials are in the conjunctive, evasive, and raise no issue. (Bliss on Code Pleading, sec. 332; *Leroux* v. *Murdock,* 51 Cal. 543; *Burke* v. *Table Mountain Water Co.,* 12 Cal. 407; *Doll* v. *Good,* 38 Cal. 290; *Blankman* v. *Vallejo,* 15 Cal. 644.) The allegation that the defendant covenanted and agreed to pay the mortgage debt is sufficient to sustain the judgment. (*Pellier* v. *Gillespie,* 67 Cal. 583.)

FOOTE, C.— This action was to foreclose a mortgage
upon certain real property. The case comes here on
appeal from the judgment rendered as prayed for, for the
sale of the mortgaged premises, and in case of a defi-
ciency arising from said sale, for the deficiency balance
as against the defendants. Mrs. Eddy, one of the de-
fendants, does not appeal.

The mortgage was made to secure certain promissory
notes executed and delivered in favor of George and
Olive Scoville, who have assigned the same to the plain-
tiff, Jones.

Verch 'and Sanborn, who are the appellants here, were
the purchasers from Mrs. Eddy, of her interest in the
mortgaged premises.

Among other things, the court, in its fourth finding of
fact, found from the pleadings that when Verch and
Sanborn bought her interest they " assumed and agreed
to pay said notes and mortgage according to the terms
thereof, which assumption and agreement was made
with said Jemima Eddy, and said assumption and agree-
ment was to the benefit of George Scoville and Olive Sco-
ville, and on said twenty-seventh day of October, 1887,
said interest of Jemima Eddy in said premises was, by her
deed bearing date on that day, and since recorded in book
321 of deeds, page 287, of said Los Angeles County
records, conveyed by said Jemima Eddy, together with
P. G. Eddy, her husband, to defendants R. Verch and
A. J. Sanborn jointly, who are now in possession of said
premises, except lot 12 hereinafter mentioned, since re-
leased from the operation of said mortgage."

The appellants claim that they ought not to be held
liable for a deficiency over and above what the mortgaged
premises may bring at foreclosure sale.

There would be no difficulty in affirming the judgment
here, if finding 4 was justified by the pleadings. (*Pel-
lier* v. *Gillespie*, 67 Cal. 583.)

The appellants say that such finding, most of which
we have heretofore quoted herein, is not sustained by

the actual condition of the pleadings. They claim that
the denial in the amended answer and cross-complaint
at paragraph 2, folio 73, of the transcript, is sufficient as
against that of the complaint in paragraph 3, folios 11
and 12; and that, such being the case, finding 4 is not
justified.

If the averments in the answer were in the conjunc-
tive, evasive, and raised no issue, they would come un-
der the rule laid down in *Doll* v. *Good*, 38 Cal. 290; and
the trial court would have decided correctly in finding
the allegation of the complaint to be true.

But that tribunal has come to this conclusion by hold-
ing that where it is said in the complaint the defendants
" assumed and agreed " to pay the mortgage debt, that
they undertook to do two separate and distinct things
essential to make them responsible to pay the mortgage
debt, if the property resting under the mortgage lien was
insufficient for that purpose.

We cannot see that there is any difference whatever,
in this instance, in saying that they " undertook and
agreed" to pay the debt, from saying that they "assumed
and agreed " to pay it. There is only one proposition
contained in the words " assumed and agreed," as here
employed. The assumption to pay the debt is, as used
here, the same thing as agreeing or undertaking to pay
it, and the use of both words, "assume and agree," is, as
employed, no more the statement of two distinct proposi-
tions, than if it had been stated that they " agreed and
agreed " to pay the debt.

For these reasons, we think the finding is wrong, and
that the judgment is erroneous, so far as the defendants'
liability for a deficiency is concerned, and we advise that
it be reversed.

TEMPLE, C., and BELCHER, C., concurred.

The COURT.— For the reasons given in the foregoing
opinion, the judgment is reversed.

Hearing in Bank denied.