Decided 24 October, 1898.

## PETTEYS v. COMER.

[54 Pac. 813.]

1. MORTGAGE FORECLOSURE—PERSONAL JUDGMENT.— An allegation in a complaint for a mortgage foreclosure that the holder of the property purchased it subsequent to the execution of the mortgage and assumed its payment is sufficient to support a personal decree against him by default.*

2. APPEAL—PARTIES.—A case will not be remanded on appeal for the failure of the court below to take special action upon an application to bring in a new party, where, from the respective averments of the parties, it is apparent that he was neither a necessary nor a proper party to the suit.

From Tillamook: HENRY H. HEWITT, Judge.

*NOTE.—On the subject of the personal liability of the grantee of mortgaged premises, where the conveyance recites an agreement to assume and pay such encumbrance, see *Miles* v. *Miles*, 6 Or. 266 (25 Am. Rep. 522), *Walker* v. *Goldsmith*, 7 Or. 162, and *Farmer's National Bank* v. *Gates*, 33 Or. 388. After the decision herein, the point was raised and sustained that a grantee of mortgaged premises who agrees to pay the encumbrance is not liable unless his immediate grantor was so bound. *Young Men's Association* v. *Croft, post* ——

—REPORTER.

Bill for a foreclosure by M. B. Petteys against J. C. Comer and wife, the Bay City Co-operative Co. and others. There was a decree for plaintiff, and the company appeals.

AFFIRMED.

For appellant there was a brief over the name of *Handley & Handley.*

For J. C. Comer there was an oral argument by *Mr. Thos. B. Handley.*

For respondent there was a brief and an oral argument by *Mr. Thos. H. Tongue.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

This is a suit to foreclose a mortgage executed by the defendants, Comer and wife, in favor of plaintiff. The complaint is in the usual form, and has the following allegation affecting the defendant, the Bay City Co-operative Co., viz.: "That the defendants, James Fuller, Wadhams & Co., and the Bay City Co-operative Co., have, or claim to have, some rights, liens, or claims in or upon the said property, but the same, whatever they may be, were acquired with notice of the plaintiff's mortgage, and are subsequent and subject thereto. That the defendant, the Bay City Co-operative Co., purchased the said property subsequent to the execution of the mortgage set forth in this complaint, and assumed the payment of the note and mortgage." The defendant company interposed a demurrer to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of suit against such defendant. Two entries occur in the record touching the disposal of this demurrer—one showing in effect that it was withdrawn ; and the other that said defendant

admitted it to be not well taken, and hence it was over-ruled. By the terms of each of said orders, said defendant was given leave to answer within the day. Instead of answering, the company applied to the court to have one J. J. McCoy brought in and made a party to the suit. It was averred in the application that said McCoy was the owner of a certain note, for the sum of $4,000, and a mortgage, executed May 8, 1894, securing the same, upon the property described in the complaint, which said mortgage was recorded in book 1, page 23, Records of Mortgages for said County of Tillamook. The plaintiff filed what was denominated a "reply" to this application, which denied the averments thereof, except the record of the mortgage, and alleged that said mortgage so recorded was one given to J. C. Comer, one of the defendants in said suit; that it had never been assigned to McCoy; and that Comer was still the owner. To this averment there was no denial or other counter-vailing allegation. The application and reply were filed on August 26, and on the same day the plaintiff filed a motion for a decree as prayed for against defendants, J. C. and Susan Comer and the Bay City Co-operative Co., upon the facts admitted in the pleadings; whereupon the court, on the day following, made and entered a decree foreclosing plaintiff's mortgage in all respects as demanded, which included a personal decree against the said defendant, the Bay City Co-operative Co., for the amount of the note and mortgage sued on.

1.  It is insisted by the company that the demurrer to the complaint should have been sustained; but this is not in harmony with the position taken in the lower court, as said defendant either withdrew it or admitted that it was not well taken, and it was consequently over-ruled *pro forma*. The conflicting journal entries touching it leave us in doubt as to just what was actually done;

but it is immaterial, as the result was, in effect, the same. But, however this may be, the demurrer was properly overruled, if considered upon the merits, as the complaint shows that the company was a necessary as well as a proper party defendant, and that a cause of suit existed against it and in favor of plaintiff. The question whether it was personally liable under the allegations of the complaint might have been tested by motion to strike out; but, as such motion was not interposed, it must be deemed to have been waived. So, the only question remaining is whether the allegation of the complaint touching the matter is sufficient to sustain the decree. We think it is. It states, in substance, that, having purchased the land, the company assumed the payment of the debt secured by the subsisting mortgage upon it. "To assume" means "to undertake; engage; promise:" Black, Law Dict. See, also, *Braman* v. *Dowse*, 12 Cush. 227. It may be characterized as a defective statement of a good cause of suit, but the averment is undoubtedly sufficient to support the personal decree against the company.

2. There seems to have been no special finding or order by the court below touching the application to have McCoy brought in as a party defendant, and the decree makes no mention of it either directly or indirectly. Considered as an application to bring in a new party,—and this is all that can be claimed for it,—it appears to be not well taken, as, from the respective averments of the parties, it is apparent that McCoy was neither a necessary nor proper party to the suit, so that the court would have been justified in overruling the application directly. We must presume that the court so considered it, or it would not have entered the final decree, with a meritorious application pending. The court granted leave to file an answer during the day, but, instead, the defendant

interposed a frivolous application to bring in a new party, which it may have thought was for the purpose of delay, and, therefore, entered the decree as prayed for. At any rate, it is so apparent there is no merit in the proposition that this court will not send the case back because it does not appear that the court below took special action touching the application to bring in the party named. The decree of the court below will therefore be affirmed.

AFFIRMED.