## NEWMAN v. SAN ANTONIO TRACTION CO.

(Court of Civil Appeals of Texas. San Antonio. April 2, 1913.)

1. RELEASE (§ 34*)—CONSTRUCTION.
    An agreement in a release for personal injuries in consideration of a sum named, and the further assumption of "Dr. T., drug and nurse bills," was not an agreement to pay all the medical bills for services which might be necessary thereafter, or bills not existing when the contract was made.
    [Ed. Note.—For other cases, see Release, Cent. Dig. § 82; Dec. Dig. § 34.*]

2. CONTRACTS (§ 152*)—CONSTRUCTION.
    The language used in a contract should be given its full and usual meaning.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 732, 733, 738; Dec. Dig. § 152.*]

3. CONTRACTS (§ 159*) — CONSTRUCTION — "BILLS"—"ASSUMPTION."
    The word "bills," in its ordinary, primary meaning, means accounts for goods sold, services rendered, or work done, and the words "assumption of" mean the taking upon one's self an obligation to pay such bills, so that a contract to assume a bill implies that the debt or bill exists.
    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 159.*
    For other definitions, see Words and Phrases, vol. 1, pp. 588, 589, 775–778; vol. 8, p. 7590.]

4. RELEASE (§ 34*)—CONSTRUCTION—ASSUMPTION OF OBLIGATIONS INCURRED.
    Where a contract for the release of personal injuries provided, in effect, that the releasee would pay all medical bills actually incurred, no liability was imposed upon it by the fact that releasor could not obtain credit for such services.
    [Ed. Note.—For other cases, see Release, Cent. Dig. § 82; Dec. Dig. § 34.*]

5. RELEASE (§ 34*)—CONSTRUCTION—ASSUMPTION OF LIABILITIES—DAMAGES FOR BREACH.
    Where the releasee, in a contract of release for personal injuries, contracts to pay medical bills actually incurred by releasor, the only damages recoverable from its breach by releasee are those arising from failure to pay bills and not those arising from failure to furnish necessary medical services to releasor.
    [Ed. Note.—For other cases, see Release, Cent. Dig. § 82; Dec. Dig. § 34.*]

Appeal from District Court, Bexar County; A. H. Seeligson, Judge.

Action by M. W. Newman against the San Antonio Traction Company. From a judgment for defendant, plaintiff appeals. Affirmed.

John Sehorn, of San Antonio, for appellant. Templeton, Brooks, Napier & Ogden, of San Antonio, for appellee.

MOURSUND, J. Appellant sued appellee for damages for an alleged breach of a contract of settlement made between them to compensate appellant for personal injuries which she alleged she sustained by reason of the negligence of appellee. The answer consisted of demurrer, seven special exceptions, general denial, and plea that defendant had complied with the terms of the contract of settlement made between plaintiff and defendant. The court sustained the special exceptions, and plaintiff declined to amend, whereupon the court sustained defendant's general demurrer and dismissed the suit.

By the first assignment of error appellant attacks the ruling of the court in sustaining the general demurrer to the petition. After alleging how plaintiff became injured and that the same was occasioned by the negligence of defendant, it is further alleged that on May 6, 1907, an agreement was made by the parties by which, in settlement of the damages sustained by plaintiff by reason of said injuries, defendant, in addition to paying plaintiff $275 cash, as set forth in such agreement, also "assumed the payment of doctor bill of Dr. Triece, drug and nurse bills." The other material allegations read as follows: "By the use of the words 'assumption of doctor bill of Dr. Triece, drug and nurse bills,' as set forth in said agreement of settlement, it was contemplated by the parties thereto, and it was intended thereby, to bind the defendant, and the defendant did in fact thereby bind itself, to pay in full the bill of Dr. Triece for medical services theretofore rendered plaintiff and for drug and nurse bills theretofore incurred by plaintiff, and in addition thereto such other and further medical bills for services that might be thereafter necessary for plain-

tiff on account of said injuries, and such other and further nurse and drug bills as might thereafter be necessary for plaintiff on account of said injuries until such time as plaintiff should have fully recovered from the effects of the injuries inflicted upon her when attempting to alight from said car as aforesaid, a copy of which said contract of agreement is hereto attached, marked 'Exhibit A', and made a part hereof. Plaintiff avers that thereafter and during the remainder of said month of May, 1907, and for the months of June, July, August, and September, 1907, the said Dr. Triece rendered plaintiff medical services on account of injuries so inflicted upon her in attempting to alight from said car, and during the same period plaintiff incurred bills for drugs and nursing, rendered necessary by reason of her said injuries so sustained in alighting from said car, all of which said medical bills, drug bills, and nurse bills the defendant paid and discharged in pursuance of said contract of settlement so made by it and plaintiff; but plaintiff avers that on, to wit, about the 30th day of September, 1907, she had not recovered from the effects of the injuries so sustained by her in alighting from said car, and at that time, and ever since that time down to the filing of this suit, plaintiff then required further medical attention, drugs, and nursing, and she yet requires further medical attention, drugs, and nursing during the remainder of her life; but, notwithstanding this, plaintiff avers that the defendant then and there, to wit, said 30th day of September, 1907, notified plaintiff that it declined and refused to pay any ∙ further medical bills, drug bills, or nursing bills, and repudiated the aforesaid contract of settlement so made between it and plaintiff, and declared that it would no longer pay for medical bills, nurse bills and drug bills, necessary for plaintiff as a result of the injury so sustained by her in attempting to alight from said car. Whereby plaintiff avers that defendant has breached its said contract and agreement of settlement, and has become liable and bound to pay to plaintiff the reasonable value of such medical bills, drug bills, and nurse bills as shall be necessary for plaintiff, until such time as plaintiff shall have recovered from the effects of her injuries so sustained in attempting to alight from said car; and plaintiff avers that said injuries are permanent, and she will suffer from the same during the remainder of her life, and during the remainder of her life it will be necessary for her to have the medical attention, drugs, and nursing contemplated in said contract of settlement. Plaintiff further avers that the reasonable value of such medical attention, drug bills, and nursing bills during the remainder of her life is the sum of $20,000. Plaintiff avers that, nowithstanding it was necessary that she should have had the attention of a physician and nurse and medicines to alleviate her physical and mental pain and suffering she endured consequent upon the injuries so inflicted upon her, she yet was without means and wholly unable to pay for or to obtain medical attention or a nurse or medicines to so alleviate her physical and mental pain and suffering, whereby, and by reason whereof, plaintiff suffered additional physical and mental pain as a result of her said injuries, which she otherwise would not have done had defendant complied with its said contract and furnished her such medical attention, nursing, and medicines as were necessary, whereby plaintiff avers she has been damaged in the further sum of $10,000 on account of such additional and mental pain she has suffered and will continue to suffer hereafter."

The material portions of the release signed by appellant read as follows: "Know all men by these presents, that I, Mrs. M. W. Newman of the county of Bexar and state of Texas, for and in consideration of the sum of $275 cash in hand, and the further assumption of doctor bill of Dr. Triece, drug bill and nurse bill, to me in hand paid by the San Antonio Traction Company, of the state aforesaid, the receipt of which is hereby acknowledged. * * * It is expressly understood that no promise, agreement or consideration of any kind or character whatsoever, except the consideration herein stated, has entered into or formed any part of the consideration for this instrument."

[1] Appellant contends that the language, "and the further assumption of doctor bill of Dr. Triece, drug bill and nurse bill," is ambiguous, and by it was meant that defendant bound itself to pay in full the bill of Dr. Triece, the drug and nurse bills, and also bound itself to pay all further medical bills, nurse and drug bills which might thereafter be necessary for plaintiff on account of the injuries mentioned in the contract. We fail to see how the words "bill of Dr. Triece" could be construed to mean bill of Dr. Triece and all other medical bills that might thereafter be necessary. In fact, it appears reasonable that, if it was intended to cover all future medical bills, the contract would not have been drawn so as to limit the defendant's obligation to the bill of only one physician. It also appears to us that, if bills of the character mentioned in the contract were in existence at the time of its signing, the words used therein would naturally be construed as referring to such bills, and no ambiguity would exist such as would authorize matters outside of the contract to be considered in arriving at the meaning of the parties. The contract shows that approximately eight days had intervened between the time of the injury and the date of such contract, which fact, in connection with the nature of the injuries stated, raises, to say the least, a strong inference ∙ that medical

bills, drug bills, and nurse bills had accrued at the time the contract was made. Nor is this inference rebutted by any allegation of the petition; in fact, it is admitted that such bills as were described in the contract had accrued at its date.

[2] The language used should be given its ordinary and usual meaning.

[3] The word "bills," in its ordinary, primary sense, means accounts for goods sold, services rendered, or work done, and by the words "assumption of" is meant that defendant took upon himself the obligation to pay such bills. A contract to assume a debt or bill carries with it the idea that the debt or bill exists; but, even if a contract provided for the assumption of bills then accrued or thereafter accruing, it would still be a promise to take up and satisfy the obligations of the person making the bills, and such obligations would have to be created before a contract to assume would create any liability. We are of the opinion that the contract should be construed as referring only to the bills in existence at the date of such contract, and that the courts are not authorized to add to it an important clause; in fact, one so important that any person making a contract would ordinarily regard its mention as of the utmost importance. However, even if the words were construed to mean bills of the character mentioned then accrued or thereafter accruing, yet, before any liability upon the part of defendant would attach, it would have to be alleged and proved that bills of the character named had accrued. Plaintiff does not allege that any bills were incurred by her which remain unpaid by defendant, but seeks to recover $20,000 for alleged breach of the contract, basing her claim upon an estimate that such amount would cover the medical services, drugs, and nurses' services which she ought to have during the remainder of her life.

[4] She alleged her inability to incur bills; however, as the contract contemplated that bills should be incurred before any promise to pay attached, the same cannot be changed by reason of the fact that plaintiff cannot get any one to trust her; no such contingency was provided for, and, if plaintiff deemed it necessary to provide therefor, she should have made a different contract.

[5] Nor can the repudiation of the contract by defendant change its terms. It remains a contract to pay bills, and the damages recoverable for a breach thereof are those which arise from a failure to pay bills, and not those arising from failure to furnish all necessary medical services, drugs, and nurses' services.

We conclude that the court did not err in sustaining the general demurrer for two reasons: (1) Because the contract in our opinion relates to bills accrued at the time, and is not ambiguous so as to authorize proof of an intention to include future bills. (2) Because plaintiff declined to amend so as to allege bills had been incurred and to describe the same, and the court was authorized to hold that, on account of the absence of such allegations, no cause of action was alleged even if the contract was construed to include future bills of the character described therein.

The judgment is affirmed.