## HOLLYWOOD CO. v. TIMES HERALD PRINTING CO. et al.

### No. 10457.

Court of Civil Appeals of Texas. Dallas.

Dec. 14, 1929.

Rehearing Denied Jan. 25, 1930.

Coker & Wilson, Henry Yeager, and J. Hardy Neil, all of Dallas, for appellant.

Fred J. Dudley, Wm. Madden Hill, and Caldwell, Gillen, Francis & Gallagher, all of Dallas, for appellees.

### VAUGHAN, J.

This is an appeal from a judgment rendered on the 27th day of April, 1928, for $1,522.52, in favor of appellee Times Herald Printing Company, a private corporation, against appellant, Hollywood Company, a private corporation, as principal, and appellee E. Raymond Moss, as surety, on seven certain promissory notes that originated and were executed under the following facts and circumstances:

During the period of time covered by the transactions between the parties involved in this suit, appellee Times Herald Printing Company was a corporation organized for the purpose of printing and publishing a daily newspaper, and published such newspaper in the city of Dallas; appellee Moss operated under the trade-name of E. R. Moss & Co., as a real estate agent, and was secretary of appellant corporation, and one J. B. Salmon was its president; and appellant developed and owned the Hollywood addition to the city of Dallas, and it contracted with said Moss to sell, and he was engaged in selling, and did sell, in his individual capacity, and as appellant's independent sales agent, lots in said addition, and was so engaged on or about October 31, 1924.

Appellee Moss sought to place advertising matter in the columns of the newspaper published by appellee Printing Company, known as the Dallas Times Herald, for the purpose of advertising the sale of lots in said Hollywood addition. The account of appellee Moss with appellee Printing Company for prior advertising being in arrears, said appellee refused to publish further advertising matter on the personal responsibility of said Moss for the payment of the charges to be made therefor; and, in order to secure appellee printing company to perform that service for appellee Moss, appellant executed and de-

livered to appellee printing company the following instrument in writing:

"Dallas, Texas, October 31, 1924.

"Times Herald Printing Company, Dallas, Texas.

"Gentlemen: We hereby guarantee any future advertising given by E. R. Moss & Company covering Hollywood Addition in the Times Herald, and will assume responsibility for he payments of such advertising as he may desire until advised by us to the contrary. Yours truly, Hollywood Company, by J. B. Salmon, president."

After the execution of this instrument, appellee printing company inserted in the columns of its newspaper advertisements prepared and furnished by appellee Moss, relating to and covering the sale of lots in the Hollywood addition, until the charges therefor amounted to the sum of $1,584.11, when appellant advised appellee printing company that it would not guarantee or assume further responsibility for any additional advertisements inserted in the columns of its newspaper at the request of said Moss. Said printing company thereupon began to put forth efforts to collect said sum of $1,584.11 from said Moss, and, failing in this, called upon appellant to make settlement of said sum acceptable to said printing company; said efforts in this respect resulted in the execution of eight certain promissory notes by appellee Moss and appellant, payable to appellee printing company, or order, dated October 1, 1925, the first three notes being due, respectively, 30, 60, and 90 days from date, and the remaining five being due 4, 5, 6, 7, and 8 months, respectively, after date, with interest at the rate of 8 per cent. per annum from date until paid, and containing a clause for the payment of 10 per cent. attorney's fee, if placed in the hands of an attorney for collection, or suit brought thereon; notes 1 to 7, inclusive, each being for the principal sum of $200, and note No. 8 for the principal sum of $184.11. On the face of each note, and in the usual place where the maker signs, appellee Moss signed his name, and on the back of each note the name of appellant was written as follows: "Hollywood Company, Inc., by J. B. Salmon."

Note No. 1 was paid on or about maturity by appellee Moss; the remaining seven notes were not paid, and are the notes sued upon by appellee printing company, and upon which the judgment appealed from was rendered. The cause was submitted to a jury on special issues (four in number), which, under the view we take of the two controlling questions presented by this appeal, it is not necessary to review, nor the answers made thereto by the jury, other than to state that said issues and the findings made by the jury are as follows:

"Question No. 1: At the time Mr. Salmon, President of the Hollywood Company, wrote the letter of guaranty dated October 31, 1924, had it been agreed and understood by him and E. Raymond Moss, that the Hollywood Company would assume and pay for all advertising evidenced by the notes in question? You shall answer 'yes' or 'no.'

"We the jury answer 'yes.'

"Question No. 2: At the time E. Raymond Moss executed the notes in question, was it then understood and agreed by Mr. Salmon that the Hollywood Company assumed and agreed to pay said indebtedness when it became due? Answer 'yes' or 'no.'

"We the jury answer 'yes.'

"Question No. 3: Was it the understanding and agreement between the plaintiff, Times Herald Printing Company, and both the defendants, E. Raymond Moss and the Hollywood Company, that the Hollywood Company would pay the indebtedness evidenced by said notes? Answer 'yes' or 'no.'

"We the jury answer 'yes.'

"Question No. 4: At the time the Hollywood Company endorsed the notes in question, was it understood and agreed by and between the Times Herald Printing Company and the Hollywood Company that such endorsement on the back of the notes would be accepted by the Times Herald Printing Company in lieu of and instead of the letter of guaranty dated October 31, 1924? Answer 'yes' or 'no.'

"We the jury answer 'no.'"

The case, as developed by the two controlling transactions, namely, the execution of the instrument of date October 31, 1924, by appellant to appellee printing company, and the execution of the eight promissory notes by appellee Moss and appellant to appellee printing company, in the manner and form as herein stated, could have but one legal effect, that is, by the language "will assume responsibility for the payment of such advertising as he may desire until advised by us to the contrary," in the instrument of date October 31, 1924, it was in law but an undertaking or promise on the part of appellant to pay, as its own obligation and liability, all sums charged by appellee printing company for advertising inserted in the columns of its newspaper, given it by appellee Moss from the date of said instrument until notified by appellant that it would not be further responsible for advertising desired by appellee Moss. The assumption by appellant to pay the debt to be thus created was the same thing as an agreement or undertaking to pay such indebtedness when created, as if contracted for by appellant in its own right and for its individual use and benefit. In other words, appellant took to itself the obligation to pay appellee printing company for the services to be rendered and that were rendered by it at the instance of said Moss, under the terms of said agreement, to the same extent that Moss would have been obligated and lia-

ble if said agreement had not been executed and the advertising matter had been printed on his sole personal liability and account. Newman v. San Antonio Traction Co. (Tex. Civ. App.) 155 S. W. 688; Springer v. De Wolf, 194 Ill. 218, 62 N. E. 542, 56 L. R. A. 465, 88 Am. St. Rep. 155; Jehle v. Brooks, 112 Mich. 131, 70 N. W. 440; Locke v. Homer, 131 Mass. 93, 109, 41 Am. Rep. 199; Schley v. Fryer, 100 N. Y. 71, 2 N. E. 280; Petteys v. Comer, 34 Or. 36, 54 P. 813; Jones v. Eddy, 90 Cal. 147, 27 P. 190, 191.

■■ Appellant by its agreement assuming to pay the debt of appellee Moss to be contracted by him for the purposes, and, within the time limited by said agreement, substituting itself in the place and instead of said Moss, therefore the obligation to pay the debt to be contracted in the future by said Moss never at any time rested upon him as an obligation to be performed by him, but, from the very genesis of the services rendered under said agreement, became primarily the obligation of appellant. Stout v. Folger, 34 Iowa, 71, 75, 11 Am. Rep. 138. The execution of the notes declared upon was not in discharge of an indebtedness due by appellee Moss, for the payment of which he was primarily liable, to appellee printing company, as the credit was not extended to him for the services rendered, but to appellant, although the advertising inserted in the Times Herald from time to time, at the instance of said Moss and under said agreement, was charged to his account. This was but the system adopted by said printing company to preserve in its books of account the history of the services rendered under said agreement, and did not in any respect change the liability of appellant to said appellee, created by the instrument dated October 31, 1924. The notes declared upon were therefore executed in the matter of adjusting and in consideration of appellant's indebtedness, and represented an undischarged obligation resting upon it primarily to be performed. The manner and form in which the notes were executed by appellee Moss did not make him liable as principal for the payment of the indebtedness or as maker of the notes, but only liable as surety; and the signature of appellant on the back of the notes did not make it an indorser but the maker of said notes, as appellant could not become liable only as an indorser for the payment of its own indebtedness.

Regardless of the course of procedure had in the trial of this cause, the judgment appealed from is the only one that could have been properly rendered, as the trial judge really should have instructed a verdict that would have supported the judgment as rendered, except that said judgment should not have been rendered against appellee Moss as

a principal, but only against appellant as principal. However, this situation is taken care of by the following provision of the judgment: "It is further ordered and decreed by the Court, that said E. Raymond Moss is a surety of said Hollywood Company, and the sheriff or other officer making levy under execution issued herein shall levy execution first, upon the property of said Hollywood Company * * * before a levy shall be made upon the property of the said E. Raymond Moss, if so much property of the said Hollywood Company can be found as will, in the opinion of the sheriff or other officer making the levy, be sufficient to make the amount of the execution."

Finding no error in the result accomplished by the judgment rendered or the proceedings had leading up thereto, said judgment should be and is in all things affirmed.

Affirmed.