### CRICHET v. CHAPMAN et al.
### No. 2870.

Court of Civil Appeals of Texas. El Paso.
Sept. 28, 1933.

Rehearing Denied Nov. 2, 1933.

**1100**

W. H. Winter and F. C. Knollenberg, both of El Paso, for appellant.

Harrison, Scott & Rasberry, Jones, Goldstein, Hardie & Grambling, and McKenzie, Walthall & Gamble, all of El Paso, for appellees.

HIGGINS, Justice.

This is an appeal by Crichet from a judgment against him for the amount due upon five notes for $500 each, dated March 12, 1926, executed by M. P. Hignett and wife, secured by deed of trust upon survey 174 in the San Elizario grant, in El Paso county, containing 54.50 acres. The lien upon the land was foreclosed, but as to this feature of the decree no complaint is made as Crichet had conveyed the land to his codefendant, A. R. McMahon.

By deed dated December 5, 1924, recorded in the Deed Records, vol. 435, at page 192, Crichet conveyed the land to Hignett. The consideration recited in the deed is $500 cash paid, "and the sum of Five Hundred Dollars paid to the First Mortgage Company of El Paso, Texas, in payment of one note due by me to said First Mortgage Company on the 13th day of December, 1924, and the assumption by the grantees and their agreement to pay two certain notes due by me to said First Mortgage Company, both of said notes being in the sum of Five Hundred Dollars each, together with interest thereon one of said notes being due the 13th day of December, 1925, and the other of said notes being due the 13th day of December, 1926, and in consideration of the further sum of Three Thousand and Three Hundred and Fifty Dollars, to be paid to me by the grantees, evidenced by four promissory notes Nos. 1, 2, 3 and 4, of even date herewith, executed by M. P. Hignett and Mary L. Hignett, his wife, note No. 1 being in the sum of Five Hundred Dollars, due on the 15th day of December, 1925, note No. 2 being in the sum of Five Hundred Dollars, due on the 15th day of December, 1926, note No. 3 being in the sum of One Thousand Dollars, due on the 15th day of December, 1927, and note No. 4 being in the sum of Thirteen Hundred and Fifty Dollars, due on the 15th day of December, 1928, payable to the order of Cecil C. Crichet."

A vendor's lien was retained, and upon the same date Hignett executed a deed of trust upon the land to W. W. Bridgers, trustee, securing the payment of the four notes given by Hignett to Crichet.

Hignett did not pay the $500 as recited in the deed from Crichet. Said note and the lien securing its payment continued to be held by the First Mortgage Company, and by deed dated December 6, 1924, Hignett conveyed the land to J. M. Pollard, trustee, to secure the First Mortgage Company in the payment of three notes executed by

him of that date for $500 each, numbered 1, 2, and 3, due in one, two, and three years after date, respectively.

This deed contains the following recitals:

"It is further expressly agreed and understood by and between the parties hereto that the indebtedness evidenced by this Deed of Trust is not a new and independent indebtedness, but the same is an extension and renewal of the indebtedness described in a Deed of Trust dated December 13, 1923, executed by Cecil C. Crichet and wife Frances B. Crichet to J. M. Pollard, Trustee, for the First Mortgage Company of El Paso, Texas, to secure the payment of Three (3) notes of even date with Deed of Trust each in the principal sum of $500.00 due 1, 2 and 3 years after date respectively, bearing interest at the rate of Eight percent per annum, interest payable semi annually; and

"Whereas, by Warranty Deed dated December 5, 1924, Cecil C. Crichet and wife conveyed the property hereinbefore described to M. P. Hignett and wife, and it was recited therein that grantee was to pay off note No. 1, of the series above referred to, and assume the payment of the other two notes for $500.00 each; and

"Whereas, note No. 1 has not been paid off, but all three of the notes above referred to are still in full force and effect and no payments have been made thereon, and are the property of The First Mortgage Company of El Paso, Texas, the beneficiary herein;

"Now therefore, in consideration of the premises and of the extension of the payment of said original indebtedness and other good and valuable considerations to them in hand paid, receipt of which is hereby acknowledged, the said M. P. Hignett and Mary L. Hignett do hereby renew said original notes, debt and lien and agree that the original indebtedness may be merged and extended by the new notes and that the time of payment of the original indebtedness, above described, shall be extended so that same shall be due and payable according to the terms and conditions and at the times set out in the new notes, herein described; and grantors acknowledge the new notes as a valid and subsisting debt and as an extension and renewal of the unpaid balance *of the original notes and as a substitution* thereof, and further agree that the original Deed of Trust lien shall remain in full force and effect until the new notes are fully paid according to their tenor and effect and agree that the holder of the new notes and lien shall be subrogated, in all respects to all the rights, equities and remedies of the holder of the original notes and lien."

Attached to said deed is an agreement by Crichet and wife, which reads:

"Whereas, by Warranty Deed dated De-

cember 5, 1924, Cecil C. Crichet and wife, Frances B. Crichet, conveyed the property described in the foregoing Deed of Trust to M. P. Hignett and wife, Mary L. Hignett, and in the conveyance a Vendor's Lien was retained to secure the payment of Four (4) notes of even date with Deed as follows: No. 1 for $500.00 due December 15, 1925; No. 2 for $500.00 due December 15, 1926; No. 3 for $1000.00 due December 15, 1927, and No. 4 for $1350.00 due December 15, 1927; and

"Whereas, said Vendor's lien securing the payment of said notes is, in all things, secondary and inferior to the Deed of Trust lien of December 13, 1923, in favor of The First Mortgage Company of El Paso, Texas, referred to in the foregoing Deed of Trust;

"Now therefore, Cecil C. Crichet and Frances B. Crichet, for and in consideration of the sum of Ten Dollars ($10.00) to them in hand paid by The First Mortgage Company of El Paso, Texas, and other good and valuable considerations, receipt of which is hereby acknowledged, do hereby agree and consent to the rearrangement, extension and renewal of the Deed of Trust indebtedness described and referred to in the foregoing and attached Deed of Trust, and expressly agree that said The First Mortgage Company of El Paso, Texas, may be subrogated to all the rights, equities and remedies heretofore held by the owners of the indebtedness described in the Deed of Trust of December 13, 1923; and further expressly agree that the Vendor's lien now held by the said Cecil C. Crichet and Frances B. Crichet, shall be and remain, in all things, secondary and inferior to the Deed of Trust lien of The First Mortgage Company of El Paso, Texas, as provided for and stipulated in the foregoing and attached Deed of Trust."

On March 12, 1926, Crichet transferred to the First Mortgage Company the Hignett notes Nos. 1 and 2, held by him, for $500 each, and transferred the vendor's and deed of trust liens securing the payment of said notes, and made such liens superior to the liens securing the payment of notes Nos. 3 and 4, for $1,000 and $1,350, respectively, which were retained by Crichet.

The Mortgage Company thus then owned the three notes in their favor for $500 each, executed by Hignett dated December 6, 1924; and notes 1 and 2 for $500 each, executed by Hignett in favor of Crichet and transferred to the Mortgage Company as above stated. These notes were secured by first liens upon the land as above shown.

In this situation Hignett and wife executed five notes for $500 each, dated March 12, 1926, to the order of the mortgage company, and by deed of same date and for the purpose of securing their payment conveyed the land in trust to J. M. Pollard, trustee.

This deed of trust contains the following recitals:

"It is further expressly agreed and understood by and between the parties hereto that the indebtedness evidenced by this Deed of Trust is not a new and independent indebtedness, but the same is an extension and renewal of the following existing indebtedness;

"Indebtedness fully set out and described in a Deed of Trust dated December 6, 1924, whereby said M. P. Hignett and wife Mary L. Hignett, conveyed the property hereinbefore described to J. M. Pollard, trustee for The First Mortgage Company of El Paso, Texas, to secure the latter in the payment of Three (3) notes totaling $1500.00 all of even date with Deed of Trust, bearing interest at the rate of Eight per cent (8%) per annum; said notes signed by M. P. Hignett and Mary L. Hignett and payable to The First Mortgage Company of El Paso, Texas; and

"Indebtedness fully set out and described in a Deed of Trust dated September 5, 1924, whereby M. P. Hignett and wife Mary L. Hignett conveyed the property hereinbefore described to W. W. Bridgers, Trustee, for Cecil C. Crichet to secure the latter in the payment of four notes, one for $500.00, $500.00, $1000.00 and $1350.00, all bearing interest at the rate of Eight percent per annum and signed by M. P. Hignett and wife Mary L. Hignett and payable to Cecil C. Crichet; and

"Whereas, by Transfer dated March 12, 1926, the said Cecil C. Crichet sold, assigned, transferred and delivered Notes Nos. 1 and 2 for $500.00 each, of the series last above described, together with the lien securing same, which was made a first lien, to the First Mortgage Company of El Paso, Texas; and

"Whereas, both of said Deeds of Trust above mentioned are of record in the Deed of Trust records of El Paso County, Texas, reference to which records is here and now made for a more particular description of the indebtedness and lien; and

"Whereas, said notes above described are in full force and effect and no payments have been made thereon except interest payments, and the new notes, herein described, have been executed as a substitute, extension and renewal of the unpaid balance of the original indebtedness as represented by above described notes;

"Now therefore, in consideration of the premises and of the extension of the payment of said original indebtedness, and other good and valuable considerations to them in hand paid, receipt of which is hereby acknowledged, the said M. P. Hignett and Mary L. Hignett, do hereby renew said original notes, debt and liens and agree that

the original indebtedness may be merged and extended by the new notes and that the time of payment of the original indebtedness, above described, shall be extended so that same shall be due and payable according to the terms and conditions and at the times set out in the new notes, herein described; and grantors acknowledge the new notes as a valid and subsisting debt and as an extension and renewal of the unpaid balance of the original notes and as a substitution therefor, and further agree that the original liens shall remain in full force and effect until the new notes are fully paid according to their tenor and effect and agree that the holder of the new notes and liens shall be subrogated, in all respects, to all the rights, equities and remedies of the holder of the original notes and liens."

Attached to said deed is an agreement by Crichet and wife, which reads:

"Whereas, by Deed of Trust dated September 5, 1924, M. P. Hignett and wife Mary L. Hignett, conveyed the property described in the foregoing Deed of Trust to W. W. Bridgers, Trustee for Cecil C. Crichet, to secure the latter in the payment of Four (4) notes for $500.00, $500.00, $1000.00 and $1350.00, all of even date with Deed of Trust, signed by M. P. Hignett and Mary L. Hignett and payable to Cecil C. Crichet, reference to above mentioned Deed of Trust being here and now made for a more particular description of said notes; and

"Whereas, by transfer dated March 12, 1926, the said Cecil C. Crichet, sold, assigned, transferred and delivered Notes Nos. 1 and 2 above described for $500.00 each, together with the lien securing same, to the First Mortgage Company of El Paso, Texas; and

"Whereas, said lien securing the payment of Notes Nos. 2 and 4 for $1000.00 and $1350.-00 is in all things secondary and inferior to the Deed of Trust transferred to the First Mortgage Company of El Paso, Texas, above described to secure the payment of Notes Nos. 1 and 2;

"Now, therefore, Cecil C. Crichet for and in consideration of the sum of Ten Dollars ($10.00) to him paid by the First Mortgage Company of El Paso, Texas, and other good and valuable considerations, receipt of which is hereby acknowledged, does hereby agree and consent to the rearrangement, extension and renewal of the Deed of Trust indebtedness described and referred to in the foregoing and attached Deed of Trust, and expressly agrees that said the First Mortgage Company of El Paso, Texas, May be subrogated to all the rights, equities and remedies heretofore held by the owners of the indebtedness described in the Deed of Trust of September 5, 1924; and further expressly agrees that the Deed of Trust lien now held by said Cecil C. Crichet, shall be and remain, in all things, secondary and inferior to the Deed of Trust lien of said the First Mortgage Company of El Paso, Texas, as provided for and stipulated in the foregoing and attached Deed of Trust."

By deed dated November 1, 1927, Hignett and wife reconveyed the land to Crichet "in consideration of the sum of Ten Dollars, cash to us in hand paid by Cecil C. Crichet, the receipt of which is hereby acknowledged and confessed, and the assumption and agreement to pay by the Grantee herein of all the notes described in the deed from Cecil C. Crichet to M. P. Hignett, which deed is recorded in Deed Book 435 of the Deed Records of El Paso County, Texas, at page 192, and the assumption and agreement to pay by the Grantee of all taxes against said property."

By deed dated January 2, 1929, Crichet and wife conveyed the land to the defendant McMahon, who assumed and agreed to pay "a series of notes, aggregating Two Thousand and Five Hundred ($2,500.00) Dollars, given by M. P. Hignett and wife to the First Mortgage Company of El Paso, Texas, dated March 12, 1926, which notes bear interest at the rate of Eight (8%) per cent, per annum, and contain the usual provision for default and attorney's fees."

This deed recites a further consideration of $10 cash paid.

The five notes of Hignett and wife for $500 each, of date March 12, 1926, form the basis of this suit. The suit is by various parties who acquired the notes and lien from the First Mortgage Company.

At the time (November 1, 1927) Hignett and wife reconveyed the land to Crichet, these notes were unpaid. Notes 3 and 4, described in the deed of December 5, 1924, from Crichet to Hignett, were also unpaid and owned by Crichet, who had hypothecated the same with the State National Bank.

Crichet is sought to be held liable for the payment of the notes in suit upon the theory that he assumed to pay the same upon the reconveyance of the land to him by Hignett and wife.

Crichet's contract of assumption is stated in the deed of November 1, 1927, by which Hignett and wife reconveyed the land to him.

By that contract Crichet agreed to pay "all the notes described in the deed from Cecil C. Crichet to M. P. Hignett which deed is recorded in Deed Book 435, of the Deed Records of El Paso County, Texas, at page 192." The deed in Book 435, at page 192, is the deed of December 5, 1924, from Crichet to Hignett.

The cardinal rule in the construction of contracts is to ascertain the intention of the parties. When this intention is ascertained, it is to be carried into effect if it can be done consistently with other settled

rules. In the case of contracts uncertain and ambiguous in meaning, the surrounding facts and circumstances may be looked to for the purpose of ascertaining the intention of the parties.

But, when the terms of a contract are plain and unambiguous in meaning, there is nothing to be construed. The intention of the parties is to be ascertained from the plain language used by them, and the agreement as evidenced by the contract as written is to be enforced, no matter what the real intention may have been, except, of course, in cases of fraud, accident, and mistake. 2 Elliott on Contracts, § 1506; 6 R. C. L. title, Contracts, §§ 225, 231, and 239; 13 C. J. title, Contracts, §§ 481-482, 485 and 514; Pierce-Fordyce Oil Ass'n v. Warner, etc., Co. (Tex. Civ. App.) 187 S. W. 516; Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L. R. A. (N. S.) 492.

If it were permissible, in the present case, to look to the surrounding facts and circumstances, it might be a finding would be warranted that Hignett and Crichet intended the latter should assume and pay the notes upon which the suit is based.

But the contract of assumption is plain and unambiguous, and its terms cannot be extended so as to impose upon Crichet liability for the payment of notes other than those described in the deed from Crichet to Hignett, recorded in Book 435, at page 192. To do so would violate the well-established rules of law above stated.

The notes described in that deed are three notes for $500 each originally executed by Crichet, due on the 13th days of December in the years 1924, 1925, and 1926, respectively; two notes for $500 each, executed by Hignett and wife, in favor of Crichet, due on the 15th days of December in the years 1925 and 1926, and two other notes of Hignett and wife in favor of Crichet, Nos. 3 and 4, one being for $1,000, due December 15, 1927, and the other for $1,350, due December 15, 1928.

The notes sued upon are not those notes. The only notes described in the deed in Book 435, page 192, in existence at the time of the reconveyance and Crichet's contract of assumption, were the two notes, Nos. 3 and 4, for $1,000 and $1,350, respectively, which were then owned by Crichet, but which were pledged with the State National Bank, and the bank was pressing Hignett for payment. It is true the notes sued upon are notes given by Hignett in renewal of the five notes for $500 each, described in the deed mentioned, but they are different notes just the same. In our opinion, the contract of assumption cannot be extended so as to embrace these renewal notes. Newman v. San Antonio Traction Co. (Tex. Civ. App.) 155

S. W. 688; Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L. R. A. (N. S.) 492.

No importance attaches to the fact that, at the time Hignett reconveyed to Crichet, the latter knew the notes sued upon were outstanding and unpaid. Such knowledge imported no promise on Crichet's part to pay the same. Campbell v. Jones (Tex. Civ App.) 230 S. W. 710; Clark v. Scott (Tex. Civ. App.) 212 S. W. 728.

There is no plea of fraud, accident, or mistake, and, upon the views expressed, it follows that the judgment imposing personal liability upon Crichet for the payment of the notes sued upon should be eliminated from the decree, and it is so ordered. With this exception the judgment is not disturbed.

Reformed and affirmed.