(86 Misc. Rep. 191)

## In re THAYER'S WILL.

### (Surrogate's Court, Kings County.   June, 1914.)

WILLS (§ 566*)—CONSTRUCTION—"MONEY."

The will of a testatrix having practically no money bequeathed, after payment of lawful debts, "all the money  *  *  *  and all the Texas lands" which she had, to her three sisters. A codicil contained only gifts of personal jewelry and effects, and there was no residuary provision. Testatrix subsequently invested the proceeds of a sale of a part of the Texas land in corporate stocks and mortgage bonds which were a part of her estate at her death. *Held*, that the sisters took all of the personal estate, except jewelry and effects which passed under the codicil; the word "money" embracing all kinds of personal property which would in the normal course be left in the form of money after conversion of such property for the payment of debts (citing Words and Phrases, "Money," 4554–4565).

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1238½, 1239; Dec. Dig. § 566.*]

Proceedings on the probate of the will of Mary L. Thayer, deceased. Decreed according to opinion.

Julian Hartridge, for executrices.

John W. Weed, of New York City, special guardian for George M. Lowden, infant.

KETCHAM, S.   The will requiring construction contains as its only dispositive provision the following:

"First, after my lawful debts are paid, I give, devise and bequeath all the money that I may have and all the Texas land situated in Harris county Houston Texas equally to my three sisters Elsie B. Lowden, Fannie C. Lowden and Sophia M. Lowden.   My lot situated at South Lakwood Ocean Co. New Jersey to my sister Elsie B. Lowden."

There is also offered for probate a codicil which contains only gifts of personal jewelry and effects.   There is no residuary provision.

When this will was made the testatrix, for the purpose of determining her understanding of her affairs and her consequent intent, practically had no money.   She had the land which she intelligently devised.   A portion of this land was thereafter sold and its proceeds were invested in corporate stock and mortgage bonds.   These securities remain of her estate at her death.

The question arises whether any or all of her personal property other than coin passes by the bequest of "money" in the paragraph quoted.

The will shows that the three sisters of the testatrix were the preferred subject of her consideration, and in the search for her intent it may be confidently said from the text of the will that it was beyond her contemplation and desire that in the event of the sale of the lands and the reinvestment of their proceeds her most cherished beneficiaries would lose both the lands and their equivalent.

The moneys which she gives are not limited by description or any intendment of her will to the moneys which she may have during her

life or at her death. The moneys which she has in mind as the subject of her gift are those which shall remain "after her lawful debts are paid." This is the standard phrase which by use has come to relate only to a payment to be made after the death of the testator.

The testamentary thought is wholly of a fund which cannot be ascertained until after her death. The law will impute to her understanding a knowledge which she probably lacked in fact, that all her personal property of any kind would be converted into actual money in the ordinary process of administering her estate.

Hence her will, informed and expanded by her assumed knowledge of the law, embraced all kinds of personal property which would in the normal course be left in the form of money after their conversion for the payment of debts. Though she speaks of money which "she may have," her language can have no effect unless it be taken to mean money which her estate shall have.

It would be impossible to escape a construction which would include her personal property if she had written: "Knowing that my debts must be paid primarily from my personal estate, and that, so far as necessary for that purpose, it must be changed into money, I direct that after these debts are paid the money which will remain shall be divided among my sisters." This paraphrase is believed to be a fair rendering of the words of her gift, and it is supported by her circumstances.

No cases are cited which present a precise parallel. The interpretation of gifts of money has been treated in the following: Smith v. Burch, 92 N. Y. 228; Sweet v. Burnett, 136 N. Y. 204, 32 N. E. 628; Matter of Hendrickson, 140 App. Div. 388, 125 N. Y. Supp. 309; Matter of Blackstone, 47 Misc. Rep. 538, 95 N. Y. Supp. 977; Words & Phrases Judicially Construed, sub nom. "Money," 4554 et seq.

The decree of probate may contain a finding that by the true intent of the will all the personalty, except such articles as are mentioned in the codicil, are given to the three sisters named in the first paragraph.

Decreed accordingly.