### O'MEARA v. SHREVE.

Court of Appeals of District of Columbia.

Submitted May 8, 1928. Decided June 4, 1928.

No. 4713.

Wills ☞840—Devisee of property incumbered by mortgage payable by monthly dues took property free of lien under will directing payment of testatrix's debts.

Where will devising real property incumbered by mortgage payable by monthly dues directed that all just debts of testatrix should be paid after death and also provided for payment of certain amounts monthly to devisee for her immediate benefit, together with certain other bequests, devisee took such property free of any debt or lien, in that balance owing thereon constituted a debt due from testatrix within general provision directing payment of just debts.

Appeal from Supreme Court of District of Columbia.

Proceeding for the settlement of the estate of Margaret V. Cox, deceased, by Charles S. Shreve, executor. From a decree establishing that mortgage incumbering property devised to Margaret T. Whelan was chargeable only against mortgaged property in hands of devisee, Matthew R. O'Meara, as executor

of the estate of Margaret T. Whelan, deceased, appeals. Reversed and remanded.

C. H. Merillat, of Washington, D. C., for appellant.

C. S. Shreve, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. It appears that Margaret V. Cox, deceased, by her last will and testament, devised to Margaret T. Whelan a certain house and lot situate in the District of Columbia, which, at the time when the will was written, and also at the date of testatrix's death, was incumbered by a certain mortgage indebtedness; and the question arose in the settlement of the testatrix's estate whether the mortgage debt was to be paid by her executor from the personal assets of her estate, or was chargeable solely against the mortgaged property in the hands of the devisee, as a devise cum onere. Margaret T. Whelan died testate before this question was settled, but after her death the lower court instructed the executors of the respective estates that the mortgage debt was not chargeable against the personal estate of Margaret V. Cox, but only against the mortgaged property in the hands of the devisee. An appeal was taken by the devisee's executor.

The facts appear in the record without dispute. The devised real estate was formerly owned by one John K. Pitcher, who borrowed from a building association the sum of $6,600, and gave a deed of trust thereon as security for the loan. Pitcher succeeded in reducing the mortgage indebtedness to $4,000, when he died, leaving a widow and infant daughter surviving him. The property was then sold through court proceedings to Margaret V. Cox, for a consideration of $8,350, of which she paid $4,350 in cash, and assumed to pay the indebtedness of $4,000 then owing on the mortgage to the building association. This arrangement was agreed to by the association, whereupon the debt was charged by it to Margaret V. Cox. The latter executed the papers required for this purpose by the building association, and continued to pay the regular monthly dues to the association until the time of her death, by which time the debt was reduced to $3,372.67. The real estate in question consists of a city lot improved by a 6-room brick dwelling house. It is agreed that the personal estate of Margaret V. Cox is sufficient to pay all legacies and expenses, and also the mortgage indebtedness upon the devised property; and it is conceded that, had testatrix's life been spared, she would have fully paid the mortgage debt from her personal estate.

We are of the opinion that the present issue is settled by a proper interpretation of the testatrix's will, which discloses an intention to devise the real estate in question to Margaret T. Whelan free of any debt or lien. The first item of the will reads as follows, to wit: "I direct that my just debts be paid as soon as practicable after my death." The second item provides for several bequests not material at present. The third item reads as follows, to wit: "Third, I give, devise and bequeath unto my cousin Margaret T. Whelan, two thousand dollars in cash; my gold watch, my diamonds not heretofore bequeathed, my household goods and chattels, and my lot 507 Sq. 2684 improved by 1469 Meridian Place, N. W., Dist. of Col., all absolutely and forever." The fourth item of the will vests the remainder of the estate in a trustee, with directions to invest and reinvest the principal of the estate and from the income thereof to pay $60 per month to Margaret T. Whelan, the net balance of the income to be paid to testatrix's sister and niece, and that upon the death of any one of these three persons the income shall be divided equally between the two survivors, with a life estate in the entire income to the sole survivor of them; provided, however, that, if Margaret T. Whelan be the sole survivor, she shall have the entire estate real and personal to be hers "absolutely and forever at once," and that, in event Margaret T. Whelan should not be the sole survivor, then upon the death of the last survivor the estate shall go to the Presbyterian Home of the District of Columbia.

We think that at the time of the testatrix's death the balance owing to the building association was a "debt" due from testatrix to the association, and no reason appears for excepting it from the effect of the general provision contained in item 1 of the will whereby in effect her debts are made payable from her personal estate. Moreover the testatrix makes plain her intention that Margaret T. Whelan shall have the described real estate together with the sum of $2,000 in cash, "all absolutely and forever." This requirement cannot reasonably bear an interpretation which would subject the devised property in her hands to a debt much larger than the amount of the legacy. It is plain too that the disposition of the testatrix toward Margaret T. Whelan was one of extreme benevolence, and that the payment of $60 a

month to her as provided by the will was intended for her immediate benefit. If, however, she should be required to make regular monthly payments to the building association because of the mortgage debt, the benevolent purposes of testatrix toward her would pro tanto be defeated. It must be remembered that the testatrix could not have foreseen the early demise of Margaret T. Whelan after her own decease. We think that the entire tenor of the will of testatrix is inconsistent with the view that she intended to require the devisee to pay the debt then resting upon the devised property, and that, if the testatrix had intended that the devisee should take the devise cum onere, that purpose would have been clearly expressed in the will. This conclusion makes it unnecessary for us to refer to the numerous authorities cited by counsel, for the will of testatrix is of course controlling.

The order and decree of the lower court herein appealed from are reversed, and the cause is remanded for further proceedings not inconsistent herewith. The costs are assessed against appellee as executor.