[Civ. No. 6508. First Appellate District, Division One.—December 21, 1928.]

In the Matter of the Estate of ISAAC H. MORSE, Deceased. WELLS FARGO BANK & UNION TRUST COMPANY (a Corporation) et al., Appellants, v. MILLS COLLEGE, Respondent.

Edgar C. Chapman for Appellants.

Harrison S. Robinson, Harry L. Price and R. W. Mac-Donald for Respondent.

CASHIN, J.—An appeal from a portion of a final decree of distribution entered in the matter of the Estate of Isaac H. Morse, deceased. The appeal was taken by Wells Fargo Bank & Union Trust Company and Fremont Morse, executors of the last will and testament of the deceased; Wells Fargo Bank & Union Trust Company, trustee under the will, and Fremont Morse, individually as heir, legatee, and devisee of the deceased.

The last will of the deceased, which was executed on October 15, 1923, contained the following devise to respondent college: "If at the time of my death I am the owner of the real property situate at the northeast corner of Lombard and Montgomery streets, San Francisco, my said wife having predeceased me, I give, devise and bequeath the same unto the trustees of Mills College, now located in Oakland, California, and I request that said trustees shall hold such real property until the amount which can be realized from the sale thereof, plus the net income therefrom, shall equal the sum of one hundred and fifty thousand ($150,000.00) dollars, to be then used by said trustees for the erection of a Residence Hall at Mills College which shall accommodate one hundred women, to be known as 'The Mary E. Morse Memorial,' or for some other hall or building at Mills College in the discretion of said trustees, to be known as 'The Mary E. Morse Memorial.' " At the time of the death of the deceased the property devised was subject to a mortgage in the sum of $20,000, held by the Hibernia Savings and Loan Society. The decree distributed the property to the college, and also provided that the latter should be paid out of the residue of the estate the sum of $20,000, together with interest thereon from and after April 14, 1927, with which to satisfy and discharge the mortgage. The decree further provided (this being the portion appealed from) : "That the residue of said estate be and is hereby distributed to the said Wells Fargo Bank & Union Trust Company, trustee as aforesaid, subject to a lien in favor of Mills College in the sum of $20,000 with interest thereon at the rate of six per cent per annum from and after the 14th day of April, 1927."

654

It appears that the testator acquired the property on December 8, 1919, from Albers Bros. Milling Company, a corporation, for $100,000, the sum of $60,000 being paid in cash and the balance secured by a mortgage thereon to the grantor in the sum of $40,000. Thereafter payments were made on the mortgage, $20,000 being paid in December, 1919, and $5,000 in August, 1920. On October 7, 1920, the present mortgage was executed by the testator and Mary E. Morse, his wife, who predeceased him, and from this sum the balance of the indebtedness to the milling company was paid and its mortgage satisfied. The appraised value of this property was $75,000, the total appraised value of the estate being $454,795.50. In addition to the devise to the college the will devised two lots in Monterey County to Annie H. Morgan if she should survive the testator, the will providing that she should take the same "free of incumbrances except-ing only the equity of Mary L. Morgan in said property over and above the amount charged against the property on my books at the time of my death." The will also contained several specific bequests aggregating the sum of $92,000. The residue of the estate, consisting of real and personal property, was devised and bequeathed to appellant Wells Fargo Bank & Union Trust Company, in trust for the purpose of paying the net income therefrom during his lifetime to appellant Fremont Morse, a brother of the testator, it being also provided that upon his death the *corpus* of the trust shall vest in and be paid to his three children, named in the will, or their heirs.

As stated by appellants, the only question presented by the appeal is whether it was the intention of the testator to devise the property to the college free and clear of the existing encumbrance.

Section 1359 of the Civil Code provides that the property of a testator, except as otherwise specially provided in that code and the Code of Civil Procedure, shall be resorted to for the payment of debts in the following order, viz., after property appropriated for that purpose by the will and property not disposed of, first, "property which is devised or bequeathed to a residuary legatee"; second, "property which is not specifically devised or bequeathed," and third, "all other property ratably." It is provided by section 1563 of the Code of Civil Procedure that "the estate, real

and personal, given by will to legatees or devisees is liable for the debts, expenses of administration and family expenses in proportion to the value or amount of the several devises or legacies; but specific devises or legacies are exempt from such liability if it appears to the court necessary to carry into effect the intention of the testator and there is other sufficient estate."

Both the original mortgage and that now a lien on the property devised to respondent were executed by the testator previous to the execution of his will. The amount secured thereby was a debt within the meaning of the probate statutes for which the testator was personally liable. As the court said in *Estate of De Bernal*, 165 Cal. 223, 234 [Ann. Cas. 1914D, 26, 131 Pac. 375], with respect to the payment of such debts: "We find no dissent in the authorities on the proposition that where the mortgage lien was created by the testator himself to secure his own debt, and at the time of his death the mortgage is simply collateral security for the personal obligation, it is to be paid as between executors, devisees, legatees and heirs, in the same manner as the general, unsecured debts of the deceased in so far as the question from what property of the deceased it is to be paid, unless the will discloses a different intention on the part of the testator."

Appellants argue that the devise to Annie H. Morgan having specifically stated that that property was to be taken free of encumbrances, while that to the college contained no such provision, an intention was thereby indicated that the latter should take subject to the mortgage, citing *Estate of Porter*, 138 Cal. 618 [72 Pac. 173]. Whatever conclusion might be drawn from that circumstance, had the devise been solely for the benefit of the college, we need not consider, as it is clear that the principal, if not the only, object of the testator in making the devise was to perpetuate the memory of his wife, and for this purpose the property was to be held until the sum of $150,000 could be realized therefrom. The value of the property at the time the will was executed had not increased, but rather had decreased, and this fact was doubtless known to the testator. It was thus apparent that several years would probably elapse before the sum necessary for the erection of the memorial would be available. When the value of the property is considered, to-

gether with the fact that the testator made ample provision for his brother and the latter's children, an intention to burden the property in an amount which of necessity would long delay, if not wholly defeat, the primary purpose of the devise, is in the highest degree improbable. We are satisfied that the conclusion of the trial court to the contrary was fully supported, and the portion of the decree appealed from is accordingly affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 19, 1929.