## TRACY v. ATWELL.

Court of Appeals of District of Columbia.
Submitted February 5, 1929. Decided
April 1, 1929.

No. 4715.

R. F. Downing, Jos. J. Malloy and Francis P. Brassor, all of Washington, D. C., for appellant.

Charles F. Diggs, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court dismissing the bill of complaint filed by appellant as plaintiff. The issue in the case calls for a construction of the last will and testament of Maud L. Atwell, deceased.

On August 4, 1925, the decedent, who was a resident of the District of Columbia, departed this life testate, without living issue, survived by her husband, Frank L. Atwell, and by a brother, A. Lester Tracy, who is the appellant herein. Her last will was duly admitted to probate, and in conformity with its terms her husband was appointed executor.

The disposing paragraphs of the will read as follows:

"First; It is my will and desire and I hereby direct my Executor, hereinafter to be named, to first pay and discharge all of my lawful debts, including my funeral expenses.

"Second; I give, devise and bequeath to my brother A. Lester Tracy, my undivided one-half interest in dwelling houses #614 and #616 K Street, N. W. and #916 5th Street, N. W., Washington, D. C. Also my one-half interest in two lots in Garrett Park, Md., and one lot in Woodment, Md. This property now being owned jointly by us. Also my residence #1641 Hobart Street, N. W., Washington, D. C. being lot #716, square E591. Also all household effects that formerly belonged to my mother, now in my residence #1641 Hobart Street, N. W. I also direct that a note for Five Hundred Dollars signed Lillian D. Tracy and secured by deed of trust on property 916 6th Street, N. W. be cancelled and returned to him.

"Third; I give, devise and bequeath to my aunt Mamie L. German, lot #813, square 398, being residence #1432 5th Street, N. W., Washington, D. C.

"Fourth; I give, devise and bequeath to my niece Isabelle D. Tracy, lots 9 and 10, square 3924, Brookland, D. C. Also my Knabe piano, and mahogany dining room set.

"Fifth; I give, devise and bequeath to my husband Frank L. Atwell, all stocks, bonds, notes and personal property of whatever kind of which I may die possessed other than the articles mentioned in paragraphs two and four. Also lot #5, square 3065, Brookland, D. C."

Accordingly, testatrix directs that all of her lawful debts shall first be paid. She next devises her residence No. 1641 Hobart street, together with certain other property, to her brother, A. Lester Tracy. And finally she bequeaths to her husband, Frank I. Atwell, all stocks, bonds, notes, and personal property of whatever kind of which she may die possessed, subject to certain minor exceptions.

The present controversy arises from the fact that at the time of testatrix's death her residence, No. 1641 Hobart street, was incumbered by a mortgage indebtedness of about $3,000, and her brother as devisee of the property claims that the debt should be

paid from the personal assets of the estate, whereas her husband as residuary legatee contends that the property was devised cum onere and that the debt should be paid by the devisee.

The record discloses that testatrix purchased the realty in question from one Breuninger subject to the mortgage indebtedness aforesaid, and received a deed of conveyance therefor in the year 1914. The deed specifically refers to the mortgage indebtedness, and recites that the grantee "assumes and agrees" to pay the same as a part of the consideration for the property. The indebtedness was represented by five promissory notes signed by Breuninger, four for $1,000 each, and one for $250, falling due on June 4, 1916. When these notes fell due, the testatrix executed and delivered to the holder of the notes five written instruments, one to be annexed to each note, wherein she recited that the notes had been extended to June 4, 1919, with interest at 5½ per cent. per annum, payable semiannually, and that, in consideration thereof, she renewed, assumed and agreed to pay the notes and interest thereon at the rate aforesaid, without demand, notice, or protest; it being further stipulated that the notes and the deed of trust securing the same were to remain otherwise unimpaired and in full force and effect. It appears that other similar extensions were afterwards secured by testatrix at an increased rate of interest, and that prior to her decease she had reduced the principal of the debt to $3,000, and had paid the interest when due. Breuninger, the original debtor, took no part in these transactions. These facts justify the statement that at the time of testatrix's death the mortgage indebtedness was her personal debt, for which she might have been sued at law either with or without reference to the mortgage or to Breuninger, and that upon her decease it became a lawful debt of her estate.

It follows that this is one of the "lawful debts" which the executor is ordered by item 1 of the will to "first pay and discharge" from the estate. The will contains no exceptions or reservation respecting the debt, nor does the law imply any. The fact that the devised property was originally purchased by testatrix subject to the mortgage indebtedness is not controlling, for testatrix did not purchase the equity in the land only but the entire estate, and covenanted with the vendor that she would pay the debt as part of the consideration for the land. She accordingly became the principal debtor so far as the vendor was concerned. So far as the present question is concerned, the attitude of the testatrix was the same as if she had placed a new mortgage upon the property at the time when she purchased it, and had paid off the Breuninger mortgage with the proceeds. This debt therefore must be paid like the other debts of the estate, if such exist, from the personal assets thereof. O'Meara, Executor, v. Shreve, Executor, 58 App. D. C. 220, 26 F.(2d) 998; 56 W. L. R. 534; Hoff's Appeal, 24 Pa. 200, 205; O'Conner v. O'Conner, 88 Tenn. 76, 12 S. W. 447, 7 L. R. A. 33; 2 Schouler on Wills, § 1512a; section 360, D. C. Code. Under the fifth item of the will, the husband receives the personal property of testatrix as residuary legatee, and the bequest to him is subject to the payment of the debts of the estate. "A bequest of all a man's personal property is not a specific legacy. Its import is the same as is expressed by the words 'rest and residue.'" Cooch's Executor v. Cooch's Administrator, 5 Houst. (Del.) 540, 1 Am. St. Rep. 161. Compare also Lewis v. Darling, 16 How. 10, 14 L. Ed. 819.

The decree of the lower court dismissing the devisee's bill is accordingly reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.