## UNION TRUST CO. v. BRENDLINGER et al.
### No. 4963.

Court of Appeals of District of Columbia.
Argued Dec. 2, 1929.
Decided April 7, 1930.

Motion for Rehearing Denied April 26, 1930.

Geo. E. Hamilton, John J. Hamilton, Geo. E. Hamilton, Jr., Edmund Brady, and Henry R. Gower, all of Washington, D. C., for appellant.

Elmer J. Binford, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

Appeal from an order sustaining certain exceptions to the account of appellant as executor of the last will and testament of Rosa E. Meehan, deceased.

The testatrix, Rosa E. Meehan, was a resident of the District of Columbia, and departed this life on April 8, 1927. At the time of her death she was a widow with no living issue. She was survived by a brother and several nieces and nephews. Her last will and testament was duly admitted to probate, and appellant was qualified as executor thereof.

The will of testatrix contains the following two items, which give rise to the present controversy:

"Item four; I give, devise and bequeath in fee simple or absolutely to M. Estella Birch, my faithful friend and companion, if she is still living with me at the time of my decease, my property known as premises #1219 Park Road, Northwest, Washington, D. C., being lots numbered eighty-five (85) and one hundred and eighteen (118) in Square 2839, and the contents thereof, with the exception of the things hereinafter bequeathed. In addition to the above devise, I give and bequeath to said M. Estella Birch, the sum of Two Thousand Dollars ($2,000) absolutely."

"Item six; All of the rest, residue and remainder of my estate, real, personal and mixed, wherever the same may be situated or located, and of which I may die seized or possessed, I give, devise and bequeath in

fee simple or absolutely, according to the nature or quality of the estate, to my brother P. F. Brendlinger, and the following nieces and nephews, namely George F. Brendlinger, #4838 Hazel Avenue, West Philadelphia, Pa.; William B. Brendlinger, #4626 Hazel Avenue, West Philadelphia, Pa.; Margaret Brendlinger, Hillside, Norwalk, Connecticut; Mrs. Frances K. Jones, Pottstown, Pa.; Mrs. May Olmstead, #4838 Hazel Avenue, West Philadelphia, Pa.; and Mrs. Kitty B. Thomas, #353 Prospect Avenue, Norristown, Pa.; share and share alike. In the event that either my brother P. F. Brendlinger, or any of my nieces or nephews should have predeceased me, then in that event, the survivors are to take all of the residue of my estate in fee simple or absolutely."

At the time of the decease of testatrix the property devised to M. Estella Birch in item 4 of the will was incumbered by a trust deed or mortgage in the principal sum of $3,500. The indebtedness thus secured was allowed by the executor as a valid debt of the testatrix. It was paid from the personal assets, and the executor took credit with such payment in its account filed with the court in the settlement of the estate. It appears that the personal assets of the estate are sufficient to pay all debts and expenses, together with the specific legacies provided by the will, and after the payment of the $3,500 item now in controversy, should this be approved, about $4,000 will remain for distribution among the residuary legatees.

The residuary legatees named in item 6 of the will excepted to this item of the account, upon the claim that the real estate devised to M. Estella Birch in item 4 of the will was devised cum onere, and that the incumbrance upon it should not be treated as a debt of the estate nor paid from its assets. The lower court sustained the exceptions, and the executor has appealed.

In our opinion the ruling of the lower court was erroneous, for it clearly appears that the notes in question were the personal debt of the testatrix, as was well understood and intended by her, and that the residuary clause of the will disposed of such part of the estate only as remained after the payment of all the debts of testatrix, including the indebtedness in question.

The facts in the case are stipulated upon the record by agreement of the parties.

It appears that on April 25, 1912, testatrix entered into a written contract with Stone and Fairfax, real estate agents, for the purchase of the premises known as 1219 Park road, in Washington, D. C., being the property devised to M. Estella Birch by item 4 of the will. The contract recited that the price of the property was to be $5,500; the terms of sale were to be $1,500 in cash, and testatrix was to "assume" a first trust of $3,500 on the property, and pay the balance, to wit, $500, within one year thereafter. The contract recited that the property was to be free of all incumbrance excepting the aforesaid trust. At the date of the contract the "first trust" named therein had not yet been placed upon the property, but subsequently, to wit, on May 6, 1912, pursuant to the terms of the contract, the seller placed such an incumbrance upon the property and conveyed the same to testatrix subject thereto, and testatrix as purchaser assumed the indebtedness as part of the purchase price of the property. The transaction accordingly was not a purchase by testatrix of an equity in the property subject to an existing incumbrance, but a purchase of the full estate therein, and the incumbrance was part of the purchase price of the property. The legal effect of the assumption of the incumbrance by testatrix under these circumstances was to make her the primary debtor in the obligation, and the same became her personal debt.

"When a grantee thus assumes payment of the mortgage debt as a part of the purchase price, the land in his hands is not only made the primary fund for the payment of the debt, but he himself becomes personally liable therefor to the mortgagee or other holder of the mortgage." Pomeroy, Equity Jurisprudence (3d Ed.) § 1206. "It is not necessary that the assumption cause be in the deed. It may be by a separate written contract, or by a parol contract, and the grantee in the deed who agrees, either in writing outside of the deed, or by parol, to assume and pay an incumbrance to which the premises conveyed to him are subject, will be held upon the agreement not only by his grantor, but by the owners of the notes, the payment of which he assumed, and this although the deed to him may contain an express covenant that the premises are free from incumbrances." Eggleston v. Morrison, 84 Ill. App. 625, 631. "A purchaser who assumes the mortgage becomes to the mortgagor the principal debtor, and the mortgagor a surety; but the mortgagee, unless he has assented to such an arrangement, may treat both as principal debtors, and may have a personal decree against both." Jones, Mortgages (8th Ed.) § 920. Stout v. Folger, 34 Iowa, 71, 11 Am. Rep. 138; Han-

cock v. Fleming, 103 Ind. 533, 3 N. E. 254; Locke v. Homer, 131 Mass. 93, 109, 41 Am. Rep. 199; Jehle v. Brooks, 112 Mich. 131, 134, 70 N. W. 440; Jones v. Eddy, 90 Cal. 147, 27 P. 190; Whicker v. Hushaw, 159 Ind. 1, 64 N. E. 460.

It appears moreover that testatrix recognized this indebtedness as her personal debt. The notes secured by the trust deed were transferred by the payee to one Elizabeth M. Bartlett, who held them until they were paid. They were extended successively for three-year periods in the following years, to wit, 1915, 1918, 1921, 1924, and 1927. These extensions were signed by testatrix and the holder of the notes, and upon each such occasion testatrix signed a written statement as follows: "In consideration of this extension and for value received I hereby guarantee payment of the within note without demand, notice or protest, and hold myself bound for the payment thereof." These assurances were mere acknowledgments of the liability of testatrix for the debt, and did not modify or affect her obligation as primary debtor therein.

Accordingly, the executor was right in paying the indebtedness in question as a debt of the estate of testatrix before making payment of the legacies provided by the residuary clause of the will.

This conclusion is supported also by a reading of the will with a consideration of the circumstances surrounding the parties. It appears from the record that on May 2, 1912, the testatrix entered into possession of the property in question, and resided there with her husband until his death on August 31, 1912. She continued to live in the property, and on July 5, 1914, the devisee M. Estella Birch came to live with her as her companion and nurse, and continued to act in such capacity until the death of testatrix on April 8, 1927. In item 4 of the will testatrix refers to her as "my faithful friend and companion," and devises the residence and most of its contents to her, and, "in addition" thereto, the sum of $2,000 "absolutely." These provisions do not indicate that testatrix intended that the devisee should be required to pay over the $2,000 legacy and $1,500 in addition in order to discharge an indebtedness upon the devised premises. The more reasonable construction is that the devisee was to receive the absolute title to the residence with the household chattels therein, and not a mere equity subject to an indebtedness of $3,500. Moreover, the provision that the legacy of $2,000 should

belong to the legatee "absolutely" does not seem consistent with an intent to devise the residence property subject to an indebtedness of $3,500. See O'Meara v. Shreve, 58 App. D. C. 220, 26 F.(2d) 998, and Tracy v. Atwell, 58 App. D. C. 397, 32 F.(2d) 392.

The decision appealed from is accordingly reversed, and the cause is remanded, with directions that the exceptions of the appellees to the item in question in the executor's account be overruled. The costs are assessed against the estate.

Reversed.