In the Matter of the Estate of MATHILDE BOSSELMAN KELLEY, Deceased.

Surrogate's Court, Westchester County, June 6, 1933.

*Murray L. Jacobs,* for the Manufacturers Trust Company, executor.

*Cornelius J. Buckley,* for Adelaide E. Frees, objector.

*Fogarty, Quel & Devlin,* for the First National Bank of Yonkers.

*Olvany, Eisner & Donnelly,* for the Irving Trust Company.

*Walsh & Baird,* for Timothy H. Kelley.

*Charles A. Voss,* special guardian.

SLATER, S. Upon this final accounting the question arises regarding the payment of the legacies mentioned in the fourth, fifth, sixth, seventh, eighth and ninth paragraphs of the will. The fourth, fifth, sixth, seventh and eighth paragraphs give money legacies to relatives and a charity, amounting in all to $8,000. The charity of St. Mark's Hospital has gone out of business by the filing of a petition in bankruptcy in the District Court for the Southern District of New York on May 16, 1931. In other words, it has ceased to function as a hospital and is no longer a going concern. (*Matter of Mills,* 121 Misc. 147.)

The ninth paragraph of the will gives the trustees $20,000, to hold for the decedent's grandson until he arrives at the age of twenty-five years, when one-half of the principal shall be paid over and the other one-half is to be paid over upon his arriving at the age of thirty-five years.

The thirteenth paragraph of the will gives the residue of the estate to the daughter of the decedent.

The eleventh paragraph is of particular interest in this construction, viz.:

" *Eleventh.* In case there is not sufficient *money in my personal estate* to pay in full the legacies provided for in paragraphs marked Fourth, Fifth, Sixth, Seventh, and Eighth of this my Will, then in that event, that all said legacies shall *abate* and be paid proportionately and shall not be chargeable against my real property. The provisions, however, in paragraph marked Ninth of this, my Will, shall be *carried out in full* and shall be chargeable against my real property, if there is *not sufficient money.*"

Thus, the gift to the grandchild is preferred.

It will be noted that if " *money in my personal estate* " is not sufficient to pay the money legacies in full, they shall abate and shall not be chargeable against real property. With regard to the gift to the grandson, the testatrix directed that it should be carried out *in full* and made a *charge* against real property.

The question arises, what is " money in my personal estate? " The will was executed a very short time before death, and, at decedent's death, there was money, or currency, in bank amounting to $20,030.04. A part of this money in the bank was wrongfully converted by decedent's husband to his own use and was restored to the estate by order of this court. (*Matter of Kelley*, 146 Misc. 353.)

It is a rule of law that burial, administration expenses and transfer taxes, when required to be paid by the will, shall be paid first out of the *personal property* of an estate.

The word " money " or " moneys " has been held to have meant personal property and not merely cash or currency or money in bank, on the particular facts of each case. (*Smith* v. *Burch*, 92 N. Y. 227, 231; *Sweet* v. *Burnett*, 136 id. 204; *Matter of Thayer*, 86 Misc. 191; *Matter of Kimberly*, 126 id. 455.)

These cases are not comparable with the facts of the instant case. Here the testatrix made a direction with regard to " *money in my personal estate,*" giving evidence of an intent to separate and keep apart money as such from her other personal property.

This conclusion is sustained in *Matter of Hendrickson* (140 App. Div. 388). The word " money," as used in this will, cannot be extended to include personal property. The testatrix was careful in the choice of words used to designate what property should be used to pay the legacies in the fourth, fifth, sixth, seventh and eighth paragraphs of the will.

The *money* left by the decedent at decedent's death provided for the payment of the $20,000 gift left upon trust for the grandson, because she said " the gift shall be carried out in full " to such an extent as even to be chargeable against real property. The intent of the testatrix to make the full gift to the grandchild is plain. The decedent pointed to the fund in bank for the payment of the gift to the grandchild and made it a charge against the " money in my personal estate."

The decree will direct the executors to pay over to the trustees $20,000, with accumulated interest, for the trust for the grandchild. If any part of the amount in bank at her death is left, then it shall be *prorated* among the other money legatees. All other property passes to the daughter as residuary legatee.

Proceed accordingly.