### SHEEHY v. O'DONOGHUE.
#### No. 6925.

United States Court of Appeals for the District of Columbia.

Decided Dec. 6, 1937.

Rehearing Denied Jan. 5, 1938.

Vincent L. Toomey, of Washington, D. C., for appellant.

Leon Tobriner, Selig C. Brez, Frederick G. Umhau, and Walter N. Tobriner, all of Washington, D. C., for appellee.

Before ROBB, GRONER and MILLER, Associate Justices, and WHEAT, District Judge.

MILLER, Associate Justice.

This is an appeal from an order of the District Court, sitting as a probate court, overruling the exceptions of appellant, as administratrix, d. b. n. c. t. a., of the estate of Francis P. Sheehy, deceased, to the final account of appellee as administratrix, d. b. n. c. t. a., of the estate of Catherine T. Sheehy, deceased. The cause was heard on the exceptions to the final account and the answer thereto, and upon the record in the cause; appellant admitted well pleaded allegations of the answer so far as not inconsistent with the record.

Catherine T. Sheehy, a resident of the District and unmarried, died on April 4, 1935, leaving a last will and testament dated October 22, 1930, which was duly admitted to probate. Under item 6 of her will the testatrix devised to her brother, Frank P. Sheehy, realty encumbered by a deed of trust to secure the payment of outstanding promissory notes. The issue here involved is whether the devisee is entitled to have the notes paid and the encumbrance satisfied out of testatrix's estate, or whether, as held by the court below, the devise was subject to the encumbrance; in other words, whether the rule of exoneration applies.

Item 6 of the will reads as follows: "I further give, devise and bequeath unto my said brother, Frank P. Sheehy, in fee simple, the following described land and premises, situate in the District of Columbia, and being lots lettered 'U' and 'V' in W. B. Todd's subdivision of lots in Square numbered six hundred and thirty-eight (638), in the City of Washington, District of Columbia, as per plat recorded in B page 70 in the office of the Surveyor for said District, the same being improved by premises numbered 453-455 Delaware Avenue, Southwest. If I should during my lifetime sell and convey the real estate in this item devised, I then in lieu of the devise thereof to my said brother, give and bequeath unto him, the said Frank P. Sheehy, absolutely, the sum of Fifteen Hundred Dollars ($1500.00). The record title to said real estate is in my name, but the said Frank P. Sheehy is entitled to an undivided one-half interest therein."

Some years prior to the testatrix's death the property in question was purchased by her and her brother Francis, also known as Frank P. Sheehy, as a joint venture, each being entitled to an undivided half interest therein; each contributed one-half of the purchase-money and of all other expenses incident to the property, and benefited and shared equally in the rents, profits, and other funds derived therefrom. The title to the property was, at the suggestion of the

brother, placed in the name of Catherine T. Sheehy. On February 4, 1927, a deed of trust of the property was executed to secure the payment of promissory notes of Catherine T. Sheehy in the sum of $4,250. Two payments were made to curtail these notes, one on July 24, 1930, in the amount of $1,250, and the other on February 5, 1935, in the amount of $250. Thus at the time of the making of the will (October 22, 1930) there was a balance due of $3,000; and at the date of her death (April 4, 1935) a balance of $2,750. The obligation on the notes was at all times that of Catherine T. Sheehy and Frank P. Sheehy in equal proportions, and each contributed equally to the curtailment thereof. At the time of the making of the will, therefore, each owned a one-half interest in the property, and each was liable in the amount of $1,500 on account of the notes and the deed of trust.

On oral argument in this court it was conceded by the appellant that at most the rule of exoneration should apply to one-half, only, of the amount of the encumbrance. The question for us to decide, therefore, is whether the administratrix of the estate of Catherine T. Sheehy should satisfy that half.

■ It is well settled that the common-law rule of exoneration is in effect in the District of Columbia. O'Meara v. Shreve, 58 App.D.C. 220, 26 F.2d 998; Tracy v. Atwell, 58 App.D.C. 397, 32 F.2d 392, 393; Union Trust Co. v. Brendlinger, 59 App.D. C. 294, 40 F.2d 806. It is also well settled that the intent of the testatrix determines whether the rule applies in the particular case and, thus, whether the devisee takes free and clear of the encumbrance or subject to it. O'Meara v. Shreve, supra; Union Trust Co. v. Brendlinger, supra. See, also, Kellam's Ex'rs v. Jacob, 152 Va. 725, 148 S.E. 835.

■■ The will of the testatrix, here, reveals her intent that the devisee, Frank P. Sheehy, should take only her equity in the property devised. This is shown by the language of Item 6, as follows: "If I should during my lifetime sell and convey the real estate in this item devised, I then in lieu of the devise thereof to my said brother, give and bequeath unto him, the said Frank P. Sheehy, absolutely, the sum of Fifteen Hundred Dollars ($1500.00). The record title to said real estate is in my name, but the said Frank P. Sheehy is entitled to an undivided one-half interest therein."

It is clear that she regarded her interest in the property which was the subject of the devise as having a value of approximately $1,500, and that this is what she intended the devisee to get. It is impossible to reconcile this fact with an intention upon her part that the encumbrance should be removed at the expense of the rest of the estate. A one-half interest in the property clear of the encumbrance would have had a value in her mind of at least $2,125. She had secured a loan of $4,250 on the property, and we may safely assume that her idea of its value was at least that much. If she had intended to give to the devisee an interest clear of the encumbrance, she would have provided for a lieu value of at least $2,125. If we assume, as we may properly do, that the loan of $4,250 represented only part of the value, then the total would be even higher. Indeed, assuming that the property produced a loan of 70 per cent. of its value (which we judicially know to be a high percentage)[1] it would be worth approximately $6,000; if it produced a loan of 50 per cent. of its value it would be worth $8,500. Making those assumptions, her interest in the property, clear of the encumbrance, would have been $3,000 or $4,250, respectively. If the will had contained no provision for a money bequest, in lieu of the devise, or if it had spoken in terms of a bequest amounting to $4,250 or $3,000, or even $2,125, appellant's contention would be more persuasive.

In each of the three cases previously decided by this court, and relied upon by the appellant, the rule of exoneration was so applied as to transfer the property devised, free of encumbrance. In each of them it appeared that the obligation was the personal debt of the testatrix, recognized as such by her and intended to be paid in the same manner as her other debts. Moreover, in O'Meara v. Shreve we pointed out that the disposition of the testatrix toward

---

[1] Under the Home Owners' Loan Act, cash loans on unencumbered property were permitted at not over 50 per cent. of the appraised value—a liberal policy on the part of the government to meet an emergency. 12 U.S.C.A. § 1463(e).

Home Loan bonds could be exchanged for mortgages not in excess of $14,000, and not in excess of 80 per cent. of the appraised value. 12 U.S.C.A. § 1463(d).

the devisee was one of "extreme benevolence" which would be defeated pro tanto by requiring the latter to pay the indebtedness. In Union Trust Co. v. Brendlinger the facts showed a similar situation; the devisee had lived with testatrix for many years as her companion and nurse and was referred to by testatrix in the will as "my faithful friend and companion." In that case also the attitude of the testatrix was apparently one of "extreme benevolence" and to require the devisee to assume the encumbrance would have defeated the intent and purpose of the testatrix. In Tracy v. Atwell, not only did it appear that the encumbrance represented a purely personal obligation of the testatrix, but as we there said: "The will contains no exceptions or reservation respecting the debt, nor does the law imply any." In the present case, as already pointed out, the will contains a definite exception and reservation which clearly reveals the intent of the testatrix that the devisee, Frank P. Sheehy, should take only her equity in the property devised.

The same is true of the other cases relied on by appellant. In each of them the encumbrance represented an obligation, for which the devisee was in no way responsible, and which was personal to the testator. In Wells Fargo Bank, etc., Co. v. Mills College, 95 Cal.App. 652, 273 P. 130, 131, not only did the encumbrance represent a personal obligation, but the intent of the testator to free the devise of the encumbrance was otherwise clearly shown by the will. The court said: "an intention to burden the property in an amount which of necessity would long delay, if not wholly defeat, the primary purpose of the devise, is in the highest degree improbable."

In Stieff v. Millikin, 162 Md. 245, 159 A. 599, 600, the decision is placed squarely upon the distinction made above. The court said: "In the opinion of a majority of the judges, the debt originally contracted without a mortgage was, even though contracted for the purpose of making part payment of the purchase price of the land, nevertheless contracted by the husband alone as his personal obligation only. The wife was given her interest as one of the tenants by the entireties unincumbered. And, proceeding from this conception of the original debt as that of the husband alone, it seems to follow that, when the loan was newly placed, and the mortgage given, it was given for a debt of the husband's."

The decision in Kennard v. Kennard, Tex.Civ.App., 84 S.W.2d 315, 322, so far as it is relied upon by appellant, is also based upon the distinction made above, namely, that the debt under consideration "was a personal obligation of the testator, and in the absence of anything in the will to the contrary should be paid, as far as possible, in the same manner as any other debt of the estate, notwithstanding it was secured by lien on specific property." It is an interesting coincidence, however, that in the same case the court held other debts to be properly chargeable against the encumbered real property, and not against the estate, because they were obligations of a firm composed of two sons of the testator whom he had allowed to operate the ranch, of which the real estate consisted; and this even though the testator had given his own personal notes therefor and had secured them by mortgages of the ranch property. The latter debts were of the same type as those involved in the present case, and Kennard v. Kennard, therefore, clearly supports our decision. In the present case the lien of the trust deed was created by the testatrix for herself and her brother jointly; they were engaged in a joint business adventure regarding this particular piece of property—the title being in her name solely as a matter of convenience. They were in effect tenants in common, D.C.Code 1924, § 1031; D.C.Code 1929, tit. 25, § 276, and they in effect bound themselves jointly on the notes and deed of trust; in fact, appellant admits that Frank P. Sheehy was "co-principal in fact with the devisor." It is reasonable to suppose that their intention was to let the property itself take care of the business obligation standing against it—just as any other business or corporate enterprise would do. It is unreasonable to suppose that the testatrix intended to strip the rest of her estate in order to clear the property of an encumbrance which represented a joint business obligation, and for the full amount of which the devisee was equitably personally liable.

As was pointed out in Hoff's Appeal, 24 Pa. 200, at page 204, "the reason * * * for throwing such a mortgage upon the personalty, is that the personal estate has been benefited by the making of the mortgage." This is true in a case where the debt secured by the mortgage is solely a personal obligation. On the other hand, where the obligation is of a completely different character, as in the present case, the

reason for the rule disappears and it is inequitable to apply it. The result of its application here would be to penalize the personal estate of the testatrix in behalf of an obligation for which Frank P. Sheehy, the surviving brother, was equitably liable to the holder of the notes for the entire unpaid amount.

A case very similar to the instant one is that of Fulenwider v. Birmingham Trust & Savings Co., 222 Ala. 95, 130 So. 801, 72 A.L.R. 702. There the property devised was jointly owned by the testator and the devisee and was encumbered by a mortgage securing their joint obligation. (By statute in Alabama the common-law right of survivorship as an incident of joint tenancy is now abolished. Parsons v. Boyd, 20 Ala. 112, 115.) The will in that case devised "my interest in all property owned jointly by us at the time of my death." This in itself was no doubt sufficient to indicate an intent that the encumbrance should be satisfied out of the property rather than out of the rest of the estate. Nevertheless the language used by the court shows that it proceeded upon the same reasoning as that which we have adopted in the present case. The court said:

"The indebtedness, which the mortgage secured, was not that of the testator alone, but was just as much the debt of Leslie Fulenwider [the devisee].

"It is true that each of them would be entitled to contribution from the other in event of payment, and that as between themselves each owned only one-half of such mortgage indebtedness. The case that we have here, therefore, is to be distinguished from one where the encumbrance was created by the testator alone. It had been created by the brothers, and one gave the other his interest as it was and as so incumbered. * * * Leslie Fulenwider being liable to the mortgagee for the whole of the indebtedness, there would be no inequality or want of fairness in requiring such grantee or devisee brother to discharge the whole encumbrance." 222 Ala. 95, at page 98, 130 So. 801, 803, 72 A.L.R. 702.

In support of her contention that the testatrix intended the rule of exoneration to apply, appellant relies upon the use in Item 6 of the words "in fee simple." There is no particular significance in this fact without more. A fee simple title is entirely compatible with an encumbrance on the same property. Testatrix held the fee simple title subject to the encumbrance. Her devisee took fee simple title, also subject to the encumbrance. Testatrix used the same expression in five devises of real property—in all the devises in her will, in fact, except one in Item 9 where she devised certain property in trust. The uniform use of the expression "in fee simple" throughout the will, therefore, indicates that it had no controlling significance in Item 6. The particular and unique language of that item, however, establishing a lieu value much less than a one-half interest in the property—free of the encumbrance—reveals her intent that her brother should take only her equity interest therein, as clearly as if she had said so explicitly.

The order of the lower court was correct.

Affirmed.