## In re TUNISON'S ESTATE.

### No. 66613.

District Court of the United States for the District of Columbia.

Feb. 6, 1948.

William H. Coleman, of Washington, D. C., for administrator, c. t. a.

Ira L. Ewers, of Washington, D. C., for Walter J. Petersen.

Herbert G. Pillen, of Washington, D. C., for Elizabeth Shinker Bradley.

Wesley E. McDonald, of Washington, D. C., for William F. Funderbunk.

LETTS, Justice.

Sara K. Davis Tunison, a resident of the District of Columbia, died on January 2, 1946, leaving a last will and testament dated May 5, 1941, which was admitted to probate and recorded on March 28, 1946 by this Court.

The will made no provision for the payment of her just debts and funeral expenses.

Article III of the will provided as follows: "I devise to Walter J. Petersen, of 1931 Sixteenth Street, N. W., Washington, D. C., all of my real estate situate at said 1931 Sixteenth Street, Washington, D. C., to have and to hold to him, the said Walter J. Petersen, in fee simple, absolutely and

forever; and I bequeath to the said Walter J. Petersen all of my furniture, draperies, curtains, silverware, cutlery, bedding and all other furnishings in my residence situated at said 1931 Sixteenth Street, N. W. Washington, D. C."

Article IV of the will provided: "I devise, also, to the said Walter J. Petersen all of my real estate situated at 223 and 225 West Ninth Street, Jacksonville, Florida, to have and to hold to him, the said Walter J. Petersen, in fee simple, absolutely and forever."

In Articles I and II of the will, the said testatrix specifically excluded her then husband, William Carl Tunison, and her adopted son, Clarence T. Skipper, from any participation in her estate.

The premises demised, by Article III of the will have an assessed valuation of $15,000 and were subject to an indebtedness of $3,319.19 allegedly represented by a building association bond signed and executed by the testatrix.

The administrator c. t. a. has petitioned the Court for construction of the will as to two points:

(1.) Who is liable for the funeral expenses of the deceased, and,

(2.) Is devisee Petersen entitled to have the aforesaid encumbrance discharged as a debt of the testatrix from the personalty of the estate, or does he take the property cum onere?

It is represented to the Court that the decedent left surviving her a husband, William F. Funderbunk, a nonresident of the District of Columbia; that said decedent and her surviving spouse never lived together as husband and wife; that said surviving spouse did not learn of the demise of his wife until sometime after the funeral; and that said surviving spouse is a person of modest means.

■ Under the common law, and the law of the District of Columbia, D.C.Code 1940, Tit. 30, § 211, the husband is primarily liable for necessaries furnished his wife, which has been held to include funeral expenses, and this obligation is unaffected by the Married Women's Act. D.C.Code 1940, § 30—201 et seq.

■ The funeral expenses amounted to $931.59, of which $621.19 was incurred in the District of Columbia and $310.40 outside of the District of Columbia. While Tit. 20, § 605, of the Code places a limitation of $600 for funeral expenses, this Court has interpreted this to mean $600 for a funeral here. Where, however, the body has been transported from the District of Columbia for burial elsewhere, the Court has permitted a total charge of not to exceed $1,200; that is, not more than $600 for expenses in the District of Columbia and not exceeding $600 for expenses outside of the District of Columbia.

■ The administrator is advised that the husband of decedent, William F. Funderbunk, is primarily liable for the funeral expenses incurred in and out of the District of Columbia and such expenses are properly chargeable against said husband's distributive share of the estate. If said distributive share payable to decedent's husband is not sufficient to defray such funeral expenses the excess thereof over the distributive share of decedent's husband will be payable out of the personalty of the estate.

■ As was said in Sheehy v. O'Donoghue, 94 F.2d 252, 68 App.D.C. 127, it is well settled that the common-law rule of exoneration is in effect in the District of Columbia. It is also well settled that the intent of the testator determines whether the rule applies in the particular case and, thus, whether the devisee takes free and clear of the encumbrance or subject to it. Here the debt was that of the testatrix and the rule of exoneration will apply unless a reading of the will discloses that the testatrix intended otherwise. The will is more illuminating in its omissions than in its declarations. Testatrix made no provision for the payment of her debts; she knew of the encumbrance on the realty devised to Petersen and was aware that it was her personal obligation, she having signed the bond; she is presumed to have known the nature and extent of her property and yet she chose to make specific bequests and undertook to dispose of a residuary estate. She must have known that payment of the mortgage debt would tend to deplete her estate,

making meaningless specific bequests and a bequest of the residue of her estate. She must have realized the approximate value of her property and known the amount of the mortgage indebtedness. It is not believed that she intended to produce the results which would follow if the encumbrance were removed from the property devised to Petersen by payment out of the personalty of the estate. The will itself, in what it says and in what it fails to say, discloses an intention on the part of the testatrix that Petersen was to take her equity in the realty devised to him and that the personalty of the estate would not be subjected to a payment of the encumbrance thereon. This view is more persuasive when it is noted that Petersen is a stranger to the estate and further seen that an application of the rule of exoneration would operate to cut off with little or nothing the sister of testatrix who is made the residuary legatee, a result so unnatural that it surely was not so intended by her. The administrator is told that Petersen takes the realty subject to the encumbrance.