**In re ESTATE of Robin MILLER, Deceased.**
**No. 83955.**

United States District Court, District of Columbia.

Jan. 7, 1955.

Harry A. Finney, Washington, D. C., for the executor.

J. Edward Burroughs, Washington, D. C., for The George Washington University.

Bernard I. Nordlinger, Washington, D. C., for Sue McCook.

HOLTZOFF, District Judge.

This proceeding involves the construction of the will of Robin Miller, deceased, and is before the court on objections to the final account of the executor.

The will of the testatrix consists of five paragraphs, in addition to the usual introductory and concluding clauses. The pertinent provisions of each of the five paragraphs are as follows:

"1. I direct the payment of all my just debts and funeral expenses. * * * "

"2. I give, devise and bequeath all real estate and stocks of which I may die seized or possessed, to the George Washington University School of Medicine for the purpose of establishing a fellowship in medicine for the study of Cardio-Vascular Disease. This fellowship is to be known as the Robin Miller Fellowship. * * * "

"3. I give, devise and bequeath to my friend, Mrs. Emily Cunningham Tribble, 3115 Foxhall Road, Northwest, Washington, D. C., all my household furnishings, rugs, clothing and personal effects."

"4. I give, devise and bequeath to my cousin, Sue McCook, 2400 Pinecroft Road, Greensboro, North Carolina, any bonds and any monies that are left after my just debts are paid."

"5. I nominate William W. Pavis, Esquire, Executor of my estate and direct that he serve without bond."

There are two principal questions of construction to be determined by the court. The first and basic problem is whether paragraph 4 constitutes a residuary clause, or a general or specific legacy. If it is the former, the debts of the testatrix, her funeral expenses, and the expenses of administration must be met out of the fund covered by paragraph 4. Otherwise, the question would arise whether some of the other legacies should be prorated and contribute to the payment of these liabilities.

Manifestly, a gift of "any monies that are left after my just debts are paid" involves an ambiguity. If the word "monies" is to be restricted to cash and money on deposit in bank accounts, it would follow that paragraph 4 is not a residuary clause, but creates a general or specific legacy, probably the former. On the other hand, if the words "any monies" are to be understood in the

colloquial sense as meaning all personal property, paragraph 4 becomes a residuary clause. It is not uncommon for people to speak of their money when referring to their property, rather than limiting that term to currency and funds on deposit in a bank.

■■ It is elementary that a residuary clause need not be formulated in any particular manner, and need not employ any specific phraseology or words of art. The matter to be determined is the intention of the testatrix, Reeves v. American Security & Trust Co., 72 App.D.C. 403, 406, 115 F.2d 145.

Decisions can be cited in support of either of the two possible constructions of paragraph 4. A few illustrations will suffice. For example, in the case of In re Ingham's Estate, 315 Pa. 293, 172 A. 662, 93 A.L.R. 510, the final clause of the will drawn by the testatrix herself provided that, " 'What is left of my money after my debts are paid, I wish given to The Baptist Home * * *.' " As against the contention that the words "my money" should be construed in the strict sense of cash and bank deposits, the Supreme Court of Pennsylvania held that this term, under the circumstances of the case, should be interpreted as referring to all of the property of the testatrix, as there could be no doubt that she meant thereby to dispose of the entire residue of her estate after the payment of her debts and the satisfaction of the legacies enumerated in the preceding clauses.

So, too, in the case of In re Thayer's Will, 86 Misc. 191, 149 N.Y.S. 141, a bequest of " 'all the money that I may have' " was construed as comprising all of the personal property of the testatrix.

On the other hand, counsel for Sue McCook points to Stannard v. Barnum, 51 Md. 440, in support of his contention that paragraph 4 of the will should not be deemed a residuary clause. In that case, however, the bequest was simply of "a balance of money". The court held that this legacy did not comprise a disposition of an interest and estate in a hotel property. Moreover, the court predicated its disposition in large part on the peculiar circumstances of the case, which it is unnecessary to review here. In re Miller's Estate, 48 Cal. 165, the Supreme Court of California construed the word "money" in a devise as including both personal and real property, deeming that, under the facts of that case, this was the intention of the testatrix.

■■ There is a well known old saying that no will has a twin brother. Its terms must be interpreted by the court as best it can in accordance with what it finds to be the intent of the testator or testatrix. The fact that the term "money" is used in the final clause of the will, coupled with the principle that an intestacy is not to be favored, would tend toward the construction that the word "money" was intended to embrace all of the remaining property that had not been disposed of in the preceding clauses of the will. Moreover, in the instant case, the testatrix manifestly emphasized and concentrated her ideas on establishing a fellowship in The George Washington University School of Medicine. To place any construction on this provision that would partially deplete this fund, would deviate from her purpose and might even defeat it.

■ While this court would construe paragraph 4 of the will as a residuary clause from the face of the instrument alone, this conclusion is supported by extrinsic evidence. It is settled in this jurisdiction that resort may be had to extrinsic evidence in order to ascertain the intention of a testator in case of an ambiguity in the will, Mitchell v. Merriam, 88 U.S.App.D.C. 213, 215, 188 F.2d 42. Obviously the will here in question was not drafted by a trained lawyer. It was evidently drawn by the testatrix herself. It was exhibited by her to the named executor, who, although an experienced and able member of the bar, was not consulted in a legal capacity, but merely shown the will as a friend. He testified that he pointed out to the testatrix that under paragraph 4, Sue McCook would bear the burden

of all expenses, thus indicating in language understandable by a layman that paragraph 4 was a residuary clause. The testatrix acquiesced.

It is indeed quite apparent that the testatrix wanted to give some consideration to Sue McCook, a first cousin. She took care of Sue McCook, however, by assigning to her the balance to which she, the testatrix, was entitled, in the Civil Service Retirement Fund, amounting to over $6,700. It is entirely likely that she may have thought that this was sufficient recognition of Sue McCook.

■ The court, therefore, reaches the conclusion that paragraph 4 is a residuary clause and that all debts of the testatrix, her funeral expenses, and the expenses of administration, are to be paid out of that fund.

■ The second basic question is whether the indebtedness secured by a deed of trust on real property devised to The George Washington University School of Medicine, should be paid out of the personal property of the testatrix, i. e., out of the residue, or whether the School of Medicine should receive the real property subject to the deed of trust. It must be remembered that paragraph 1 of the will directs payment of all just debts of the testatrix. An indebtedness secured by a deed of trust is an obligation of the maker of the notes, or of the person who accepts a conveyance of the property and assumes the payment of the debt. Consequently, the conclusion is inescapable that the mortgage indebtedness with which the real property is encumbered as security should be paid out of the personal estate of the testatrix and that the devisee should receive the real property free and clear of this encumbrance. This conclusion is clearly supported by the case of Tracy v. Atwell, 58 App.D.C. 397, 32 F.2d 392.

In re Tunison's Estate, D.C., 75 F. Supp. 573, on which counsel for Sue McCook relies, is distinguishable in principle. As was pointed out by Judge Letts, for whose views this court has a high regard, in that case there was no direction in the will for the payment of debts. Judge Letts considered this circumstance to be a distinguishing feature. In the instant case such a provision is contained in the first paragraph of the will and reiterated in paragraph 4.

The other objections originally filed were abandoned on the oral argument.

Counsel may submit a proposed order in accordance with the foregoing views.